In re **EL PASO HEALTHCARE SYSTEM, LTD., d/b/a Las Palmas Medical Center.**

No. 08–05–00098–CV.

Court of Appeals of Texas, El Paso.

Sept. 15, 2005.

Diana L. Faust, Cooper & Scully, P.C., Dallas, for Relator.

John P. Mobbs, El Paso, for Respondent.

H. Keith Myers, Mounce, Green, Myers, Safi & Galatzan, El Paso, J. Kevin Oncken, Uzick, Oncken, Scheuerman & Berger, P.C., San Antonio, Larry W. Hicks, Hicks & Lucky, P.C., Thomas W. Hamrick, Armstrong & Hamrick, T.O. Gilstrap, El Paso, for Real Parties in Interest.

Before BARAJAS, C.J., McCLURE, and CHEW, JJ.

### OPINION

DAVID WELLINGTON CHEW, Justice.

Relator El Paso Healthcare Systems, Ltd. d/b/a Las Palmas Medical Center ("Las Palmas") seeks a writ of mandamus directing the Honorable Luis Aguilar, Judge of the 120th Judicial District Court of El Paso County ("Respondent") to vacate an order requiring Las Palmas to retain local counsel within seven days from the order or else Respondent will appoint local counsel. We conditionally grant mandamus relief.

Las Palmas is one of the defendants in a health care liability suit, *Santillan, et. al. v. El Paso Healthcare System, Ltd., a Texas L.P. d/b/a Las Palmas Medical Center, et al.,* currently pending in the 120th Judicial District Court.[1] In that lawsuit, Las Palmas is represented by the law firm of Cooper & Scully, P.C., which has its principal office in Dallas, Texas

with other offices in Houston and Sherman, Texas. Cooper & Scully, P.C. also represents Adolfo Palomino, M.D., who is the defendant in another health care liability suit also pending in the 120th Judicial District Court.[2] In both cases, Respondent, *sua sponte*, entered an order requiring their clients to retain local counsel within seven days of the order and if they failed to comply, Respondent would appoint local counsel for them.

The following relevant facts are provided as background to this proceeding. On March 2, 2005, Respondent conducted a status conference in *Alvarez, et al. v. Palomino.* Prior to the status conference, Respondent informed Dr. Palomino's counsel, Lanette Matthews, an attorney in the Houston office of Cooper & Scully, P.C., that he was implementing a general policy change requiring that local counsel be retained in all cases. In response, Ms. Matthews had the following exchange with Respondent:

> Ms. Matthews: Well, I have been here. I feel I am qualified to be local counsel here.
>
> The Court: Okay. Well, for the purposes of this policy change, local address, local counsel. Local address. I've decided that would facilitate a lot of things.
>
> It's not just you. It's just everybody.

---

**1.** The underlying suit is cause number 2003–2548, styled *Elodia Santillan and Jose V. Santillan, Individually and as Parents and Next Friends of Hector R. Santillan, a Minor v. El Paso Healthcare System, Ltd., a Texas L.P. d/b/a Las Palmas Medical Center, Ana T. Barker, R.N., Professional Placement Resources, Inc., a Florida Corporation, PPR Travel, Inc., a Florida Corporation, Catalina Arias, R.N., and T.C. Villarreal, M.D.* The other codefendants are not parties to this proceeding.

**2.** Dr. Palomino is the defendant in cause number 2003–1480, styled *Federico Alvarez,*

*Individually and as Representative of the Estate of Ruth Bernal Alvarez, Deceased, Virginia Alvarez, Ruth Benedict Alvarez, Federico Alvarez, Jr., and Ernesto Alvarez, the surviving children and wrongful death and survival statute beneficiaries of Ruth Bernal Alvarez v. Adolfo Palomino, M.D.* Palomino filed a petition for mandamus relief, which was consolidated with this proceeding. However, he subsequently filed a motion to dismiss his petition while this proceeding was pending and that motion was granted.

Plaintiff's counsel: And if they could just let us know who local counsel is.

The Court: And, of course, you would notify [Plaintiffs' counsel] promptly. Okay?

Ms. Matthews: Perhaps my parent's local address would be sufficient?

The Court: If they have—are licensed to practice law, that would be more than sufficient.

There was no further discussion of Respondent's new policy change at the *Alvarez* hearing. That same day, Respondent, *sua sponte*, signed an order in *Alvarez et al. v. Palomino*, entitled, "Order For the Appointment of Local Counsel." The order stated:

On the 2nd day of March, 2004[sic], the Court held a status conference in the above-referenced style. Due to several unresolvable matters, including scheduling conflicts, the Court has determined that local counsel should be appointed.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECRRED [sic] that local counsel shall be retained by Defendant ADOLFO PALOMINO, M.D. within seven (7) days from the date of this Order. If Defendant ADOLFO PALOMINO, M.D. fails to comply with this Order, the Court shall appoint local counsel.

The following day, March 3, 2005, Respondent conducted a status conference on discovery matters in *Santillan et al. v. El Paso Healthcare System, Ltd. d/b/a Las Palmas Medical Center, et al.* Prior to the status conference, Respondent, *sua sponte*, had signed an order virtually identical to that entered in *Alvarez, et al. v. Palomino.* Specifically, the order stated:

On the 3rd day of March, 2004 [sic], the Court held a status conference in the above-referenced style. Due to several unresolvable matters, including several scheduling conflicts, the Court has de-termined that local counsel should be appointed.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECRRED [sic] that local counsel shall be retained by Defendant EL PASO HEALTHCARE SYSTEM, LTD. d/b/a LAS PALMAS MEDICAL CENTER within seven (7) days from the date of this Order. If Defendant EL PASO HEALTHCARE SYSTEM, LTD. d/b/a LAS PALMAS MEDICAL CENTER fails to comply with this Order, the Court shall appoint local counsel.

At the start of the proceeding, Respondent handed the above order to Las Palmas' counsel, John Raley, an attorney in the Houston office of Cooper & Scully, P.C., and informed Mr. Raley that he was requiring local counsel. Mr. Raley requested clarification of the order before proceeding with the status conference. The following exchange occurred:

Mr. Raley: Does this apply only to the Alvarez case or does it apply to all of the out-of-town . . . .

I don't understand the scope of The Court's order.

The Court: Well . . .

Plaintiffs' counsel: We're in Santillan.

Mr. Raley: I understand that.

The Court: What—why are you asking me?

Mr. Raley: I need to understand, Your Honor, because I have several cases in this court.

The Court: I will be ordering it, in the future, if I haven't. If I haven't, I will.

Mr. Raley: Are you ordering it only as to me or to all out-of-town lawyers?

The Court: Right now, all out-of-town lawyers. But it will be subject to a case-by-case basis. So unless there is

a reason why I shouldn't, everyone else, all out-of-town counsel, is going to get local counsel.

Mr. Raley: So is your order that all out-of-town counsel, who have cases in your court—

The Court: Mr. Raley—

Mr. Raley:—must have local counsel?

The Court: —it's very simple.

Mr. Raley: Yes, Your Honor.

The Court: Okay.

Mr. Raley: I just want to understand the scope of the Court's order.

The Court: Okay. Well, 2003–2548, Santillan, you will come in with local counsel. All future hearings, you will have local counsel.

Anybody need clarification?

Plaintiffs' counsel: No, Your Honor. I understand perfectly.

The Court: Clarification? Local counsel. I don't know how else to amplify on that. Hire local counsel.

After calling the case and receiving announcements of counsel, Respondent permitted Mr. Raley to make a bill of exception on the matter. The following exchange occurred:

The Court: Okay. Let the record reflect, due to numerous problems I've had with scheduling conflicts, and other assorted issues—and I'm not going to go into it right now—I am ordering Mr. Raley to hire local counsel.

Mr. Raley: May I be permitted to make a bill of exception, Your Honor?

The Court: Yes, sir. Well, let me—let me go on, on this. I also want you to be aware that all attorneys who practice in El Paso County are subject to accepting two pro bono divorces and local criminal appointments.

El Paso County allows you to opt out of the criminal appointment system by paying $600. That is what all local attorneys are subject to.

And I will give you the option, Mr. Raley, of opting—of not retaining local counsel, but I want you to be aware that you will be treated like every other local attorney here, and I will make a criminal appointment, right now.

Mr. Raley: May I respond, Your Honor?

The Court: You bet.

Mr. Raley: Thank you, sir.

I'm John Raley. For 20 years, I have been licensed to practice in every court in the State of Texas. And I have had the honor and the privilege to handle cases in many Texas courts.

My client has a right to retain the counsel of their choice. I am not aware of any law, by statute, case or otherwise, that gives this Court the right or the power to require my client to pay extra legal fees to retain an additional counsel simply because they have selected out-of-town counsel.

Regarding the pro bono issue, Your Honor. I do pro bono. And I agree with The Court, that is our obligation as attorneys to handle pro bono matters.

The Court: You misunderstood what I have said. I said no such thing. I said the local rule requires.

Mr. Raley: Okay.

The Court: I didn't say I agree or disagree. Okay?

Mr. Raley: I'm currently involved in a pro bono criminal matter for a man incarcerated in Austin. Well, in Georgetown, Texas, Your Honor.

And I am petitioning that court for DNA testing. That required extensive work; I'm doing all of that pro

bono. So I feel that I am satisfying our mutual obligation to do pro bono work.

The bottom line, Your Honor, is that my client has the right to counsel of their choice. And on point, I would cite Keller Industries versus Blanton, 804 S.W.2d 182.

The Court: Mr. Raley, let me interrupt you, if you don't mind.

Mr. Raley: Yes, Your Honor.

The Court: Are you telling me you would prefer a criminal appointment and two pro bono divorces in El Paso County? Is that what you're telling me?

Mr. Raley: I'm telling you that, by my voluntary pro bono works in Houston and elsewhere, I am satisfying—

The Court: Mr. Raley, I'm not interested in your pro bono career. Okay?

Mr. Raley: Thank you, sir.

The Court: What I'm telling you, is the local rules, and I want an answer out of you.

Mr. Raley: Your Honor, the work I do in El Paso, I will—be preferred to—to be done by clients who retain me to do that work.

The case I cite on point, Your Honor, is Keller Industries versus Blanton—

The Court: Mr. Raley, let's try and—

Mr. Raley: I'm trying to make a bill of exception, Your Honor.

The Court: Let's have an understanding.

Mr. Raley: Yes, Your Honor.

The Court: I ask you a question, you give me an answer. Don't ignore me and start telling me about your pro bono career. Question, answer.

Mr. Raley: If The Court is asking me if I will accept a criminal appointment in El Paso, the answer to that question is, No, Your Honor.

The Court: Okay. Then let it be understood that you will be subject to local counsel.

On March 10, 2005, Las Palmas filed its petition for writ of mandamus and emergency motion for temporary relief. We granted the motion and issued an order staying the Respondent's order during the pendency of this proceeding.

## ORDER FOR APPOINTMENT OF LOCAL COUNSEL

### *Standard of Review*

■ Mandamus will lie only to correct a clear abuse of discretion. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992)(orig. proceeding). Further, there must be no other adequate remedy at law. *Id.* A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles of law. *See Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985). With respect to resolution of factual issues or matters within the trial court's discretion, we may not substitute our judgment for that of the trial court. *Walker*, 827 S.W.2d. at 839–40. The relator must show that the trial court could reasonable have reached only one decision. *Id.* at 840. With respect to the trial court's determination of the legal principles controlling its ruling, the standard is much less deferential. *Id.* A trial court has no discretion in determining what the law is or applying the law to the facts. *Id.* Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion, and may result in appellate reversal by extraordinary writ. *Id.*

### Respondent's Authority to Issue Order Requiring Local Counsel

■ Respondent's order requires Las Palmas to retain local counsel and if it fails to comply, Respondent shall appoint local counsel for it. There is no dispute that Las Palmas is represented by a duly licensed Texas attorney who maintains an office in Houston, Texas. Las Palmas asserts that Respondent's order requiring its out-of-town attorney to retain local counsel or else the court would appoint local counsel is not founded in any principle of law and thus, is a clear abuse of discretion. We agree.

The Legislature has vested the Supreme Court of Texas with exclusive rulemaking authority in the practice and procedure in civil actions. *See* TEX.GOV'T CODE ANN. § 22.004 (Vernon 2004). Under that authority, the Supreme Court has adopted the Texas Rules of Civil Procedure, which have the same force and effect as statutes. *See* TEX.R.CIV.P. 2, 814; *Missouri Pac. R.R. Co. v. Cross*, 501 S.W.2d 868, 872 (Tex.1973). Rule 3a of the Texas Rules of Civil Procedure permits each administrative judicial region, district court, county court, county court at law, and probate to make and amend local rules governing practice before such courts, provided that any proposed rule or amendment is not inconsistent with the Rules of Civil Procedure. *See* TEX.R.CIV.P. 3a(1). Any proposed rule or amendment is not effective until it is submitted and approved by the Supreme Court. *See* TEX.R.CIV.P. 3a(3). Moreover, any proposed rule or amendment must be published for at least thirty days before it becomes effective. *See* TEX. R.CIV.P. 3a(4).

First, we observe that the El Paso County Local Rules contain no local rule requiring out-of-town licensed Texas attorneys to appear with local counsel in order to practice law before a state court in El Paso County. There is also no local rule that authorizes a trial court to appoint local counsel for a party that is already represented by an attorney who is duly licensed to practice law in the state of Texas. Rather, Local Rule 10.01 states that "[i]n the absence of a section or subsection, interested persons may assume there is no local rule covering the described subject." EL PASO COUNTY L.R. 10.01. Therefore, Respondent's order is not supported by any published local rule that has been approved by the Supreme Court.

■ Second, as a general matter, a litigant has a right to be represented by the attorney of his choice. *See Keller Indus., Inc. v. Blanton*, 804 S.W.2d 182, 185 (Tex.App.-Houston [14th Dist.] 1991, orig. proceeding). Rule 7 provides that "[a]ny party to a suit may appear and prosecute or defend his rights herein, either in person or by an attorney of the court." TEX. R.CIV.P. 7. Although the right to counsel of choice is not absolute, courts should not deprive a litigant of that right unless there exists a compelling reason. *Keller Indus., Inc.*, 804 S.W.2d at 185. In this case, Las Palmas is represented by a duly licensed attorney who is a member of the Texas Bar. All persons in good standing as members of the Texas Bar may practice law in Texas. *See* TEX.GOV'T CODE ANN. §§ 81.051, 81.102(a), 81.071, 81.113 (Vernon 2005). We can find no rule or statute that restricts a licensed Texas attorney's ability to practice law in a state court by requiring that attorney to associate with "local counsel."[3] The undisputed facts

---

**3.** Respondent points out that some federal courts in Texas impose local counsel association requirements. For instance, under the local rules of the United States District Court for the Western District of Texas, a judge may, in his discretion and upon notice, "re-

make clear there is no compelling reason to restrict Las Palmas' attorney's representation of its client before Respondent's court by requiring "local counsel" nor is there a compelling reason for Respondent to select local counsel that is not of Las Palmas' choosing.

Respondent contends that his authority to issue the order requiring local counsel rests on a trial court's statutory and inherent authority to appoint attorneys to represent indigent persons. Respondent also claims that he was entitled to exercise his inherent authority to require Las Palmas' attorney to join local cocounsel because its attorney unequivocally refused to accept an appointment to represent an indigent criminal defendant in El Paso, which Respondent asserts is an obligation required of all other attorneys practicing before the court and thus, is a burden associated with the privilege of practicing law in El Paso County.

Relying on Section 24.016 of the Texas Government Code, Respondents argues that a trial court has statutory authority to provide representation to indigent persons. Section 24.016 provides:

A district judge may appoint counsel to attend to the cause of a party who makes an affidavit that he is too poor to employ counsel to attend to the cause.

TEX. GOV'T CODE ANN. § 24.016.

We agree that Section 24.016 authorizes a district judge to appoint counsel for indigents in criminal and civil actions. However, the order in this case was not based on a concern for indigent representation. Rather, the order recites that "[d]ue to several unresolvable matters, including scheduling conflicts, the Court has determined that local counsel should be appointed." In fact, the order in the *Santillan* case was issued prior to the offer of a criminal appointment and Las Palmas' attorney's apparent refusal to accept that appointment. Respondent simply did not order Las Palmas' attorney to accept a criminal appointment to represent an indigent defendant. Since the order makes no appointment of counsel, the issue of whether Respondent has authority to appoint counsel to provide pro bono services or to require an attorney to accept such an appointment is not properly before us.[4]

quire an attorney appearing in [the] court who maintains his office outside of [the] district to designate a member of the Bar of [the] Court who does maintain an office within [the] district as cocounsel with the authority to act as attorney of record for all purposes." W.D. TEX.R. AT-3. The local rules for the United States District Court for the Northern District of Texas require association with local counsel "in all cases where an attorney appearing in a case does not reside or maintain an office in [the] district." N.D. TEX.CIV.R. 83.10(a). Federal district courts are statutorily authorized to adopt local rules governing practice before their courts. *See* 28 U.S.C.A. 2071 (1994); FED.R.CIV.P. 83. In contrast, state courts may make and amend local rules governing practice before the courts, but any proposed local rule or amendment must be approved by the Texas Supreme Court. *See* TEX.R.CIV.P. 3a. While the distinction between the federal and state system is interesting, the

local counsel association rules in the federal system have no bearing in this proceeding.

4. Respondent directs our attention to two mechanisms by which trial courts in El Paso appoint counsel to represent indigent parties in criminal and civil cases. In 1993, the Texas Supreme Court approved El Paso County Local Rule 5.02. Local Rule 5.02 pertains to appointment of counsel in criminal cases. Local Rule 5.02 states that "[a]ppointment of counsel shall be as provided under the El Paso Agreement as approved by the El Paso Council of Judges, the El Paso County Commissioners Court," and the El Paso County Bar Association. According to Respondent's description of the El Paso Agreement pro bono program, El Paso attorneys must either accept appointment to represent indigent criminal defendants or pay $600 per year to El Paso County in order to be removed from the list of appointees. Funds

With regard to a trial court's authority to appoint counsel in civil cases, we have previously stated that this statutory authority exists in a very limited number of situations. *See Thomas v. Anderson*, 861 S.W.2d 58, 60 (Tex.App.-El Paso 1993, no writ); *see e.g.*, Tex.Gov't Code Ann. 24.016; Tex.Fam.Code Ann. 51.10 (Vernon Supp. 2004–05)(court may appoint counsel in juvenile delinquency cases); Tex.Fam.Code Ann. 107.013(a)(court must appoint attorney ad litem to represent indigent party in suit to terminate parent-child relationship); Tex.Fam.Code Ann. 107.010 (appointment of attorney ad litem for incapacitated person); Tex.Fam.Code Ann. 107.012 (if representation deemed necessary to protect interests of child who is the subject matter of the suit, court must appoint attorney ad litem for any party in the case); Tex. Health & Safety Code Ann. 574.003 (Vernon 2003)(court shall appoint attorney for a proposed patient after an application for court-ordered mental health services has been made). It is undisputed that Las Palmas is not an indigent litigant in the civil action and it never requested appointment of counsel. Under such circumstances, we can find no statutory authority that would enable Respondent to appoint counsel, or for that matter, local cocounsel, for Las Palmas.

■■■ Respondent, however, also relies on his inherent power to appoint counsel in certain circumstances. In addition to the express grants of judicial power to each court, there are other powers which courts may exercise, though not expressly authorized or described by constitution or statute. *Eichelberger v. Eichelberger*, 582 S.W.2d 395, 398 (Tex.1979). Inherent powers of a court arise from the very fact that the court has been created and charged by the constitution with certain duties and responsibilities. *Id.* The inherent powers of a court are those which it may call upon to aid in the exercise of its jurisdiction, in the administration of justice, and in the preservation of its independence and integrity. *Id.* These powers exist to enable our courts to effectively perform their judicial functions and to protect their dignity, independence, and integrity. *Id.* at 399. In discussing the scope of the courts' inherent authority to appoint counsel for civil litigants, the Texas Supreme Court has stated that "under exceptional circumstances, 'the public and private interests at stake [may be] such that the administration of justice may best be served by appointing a lawyer to represent an indigent civil litigant.'" *Gibson v. Tolbert*, 102 S.W.3d 710, 712 (Tex.2003), *quoting Travelers Indem. Co. v. Mayfield*, 923 S.W.2d 590, 594 (Tex.1996). In light of *Gibson*, it is readily apparent that a trial courts inherent power to appoint counsel is necessarily contingent on a party's indigent status and on the existence of exceptional circumstances. Neither factor can be said to exist in this case, therefore we conclude that Respondent's order is not supported by any express grant of authority nor by any inherent power to appoint counsel in a civil case.

from the opt-out fee are then used to compensate attorneys who accept such appointments based on a specified rate scale. With regard to civil appointments, the district judges of El Paso County implemented a pro bono publico plan by order in 1982. Under the order, the courts are authorized to appoint lawyers holding an active Texas law license and who practice or are employed in El Paso County, Texas to no more than two domestic matters each fiscal year. The civil pro bono program ("The El Paso Plan") is currently administered by Texas RioGrande Legal Aid, Inc., a non-profit provider of legal services to indigent clients in Texas. We make no judgment as to Respondent's authority to make criminal or civil appointments of counsel for indigents in El Paso County under either pro bono program.

With respect to the portion of his order requiring Las Palmas to retain local counsel, Respondent justifies his action based on Las Palmas' attorney's refusal to accept an appointment to represent an indigent criminal defendant, which Respondent asserts is a burden associated with the privilege of practicing law in El Paso County. Putting aside for the moment that the order at issue was actually entered prior to the attorney's refusal to accept an appointment, we will address Respondents claim of inherent authority to require Las Palmas to retain local cocounsel because of the unwillingness of its lead counsel to provide indigent representation.

First, we observe that the Texas Supreme Court has exclusive authority to regulate the practice of law in the State of Texas. *See State Bar of Texas v. Gomez*, 891 S.W.2d 243, 245 (Tex.1994). The Supreme Court's power to regulate the practice of law is derived from both statutory and inherent powers. *Id.; see also* TEX.GOV'T CODE ANN. § 81.061 (exclusive jurisdiction over rules governing admission to the practice of law); TEX.GOV'T CODE ANN. 81.071 (disciplinary jurisdiction over each attorney admitted to practice in the state and each specially admitted by a court of this state for a particular proceeding); TEX.GOV'T CODE ANN. 81.011 (exclusive administrative control over the state bar). Notably, the Supreme Court stated in *State Bar of Texas v. Gomez*, that "[b]ecause the admission and practice of Texas

attorneys is inextricably intertwined with the administration of justice, the Court must have the power to regulate these activities in order to fulfill its constitutional role." *Gomez*, 891 S.W.2d at 245. No subordinate court in Texas has the power to usurp the Supreme Court's authority or responsibility to regulate the practice of law. *Id.* at 246.

Respondent argues that he imposed a local counsel requirement in this case in order to ensure that Las Palmas was represented by an attorney who met his obligation to accept pro bono appointments, which is a qualification imposed on all counsel practicing before the court.[5] Respondent relies on *Gomez* to support his argument that district courts possess inherent authority to regulate the practice of law. Respondent's reliance on *Gomez*, however, is wholly misplaced because the Court clearly limited its discussion of inherent judicial powers to those exclusively held by the Supreme Court. Respondent's attempt to restrict a licensed Texas attorney's ability to practice in an El Paso County court is the type of regulation that would fall within the exclusive jurisdiction of the Supreme Court. While we agree that a trial court has inherent power to inquire into the qualifications of persons practicing law before it, for instance, by inquiring into whether a person representing a party is a licensed attorney, the qualifications of Las Palmas' attorney were

---

**5.** In support of his argument, Respondent directs us to proposed Rule 3.02a of the El Paso County Rules, which was approved by the Council of Judges in February 2000. The proposed rule would require that in cases where a party is represented by Texas licensed counsel, at least one of their attorneys must participate in the El Paso Plan. In cases where a party is represented by an attorney not licensed in Texas, that attorney must seek admission *pro hac vice* with the El Paso district clerk and must hire as cocounsel a Texas licensed attorney who maintains an office in El Paso County, is in compliance with participation in the El Paso Plan, and shall have authority to act as attorney of record for all purposes. As Respondent concedes, the Texas Supreme Court has not approved this proposed rule. *See* TEX.R.CIV.P. 3a. Therefore, we will not consider the proposed rule in determining Respondent's authority to issue the order at issue in this proceeding.

not in question in this case. *See Magaha v. Holmes*, 886 S.W.2d 447, 448 (Tex.App.-Houston [1st Dist.] 1994, no writ)(non-attorney mother was not qualified to engage in the practice of law). Further, we cannot agree with Respondent's contention that a non-El Paso attorney's participation in a locally administered pro bono program is a qualification to practicing law in El Paso County. By instituting such a qualification, a district court would certainly be "cast in the impermissible role of effectively promulgating policies and regulations governing Texas lawyers" without the Supreme Court's prior approval. *See Gomez*, 891 S.W.2d at 246.

For the reasons stated above, we find that Respondent's order is not based upon any statute, rule, or other law. Because Respondent exceeded his authority, we conclude Respondent clearly abused his discretion by ordering Las Palmas, who was already represented by a duly licensed Texas attorney, to retain local counsel or else local counsel would be appointed.

### *No Adequate Remedy*

▆▆▆▆ Having concluded that Respondent clearly abused his discretion, we must now determine whether Las Palmas has no adequate remedy by appeal, and is thus, entitled to mandamus relief. *See Walker*, 827 S.W.2d at 840. The Texas Supreme Court recently explained that the operative word, "adequate," has no comprehensive definition; it is simply the careful balance of jurisprudential considerations that determine when appellate courts will use original mandamus proceedings to review the actions of lower courts. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex.2004)(orig. proceeding). Both public and private interests are implicated in balancing these considerations. *Id.* "Mandamus review of significant rulings in exceptional cases may be essential to preserve important substantive and procedural rights from impairment or loss, allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments, and spare private parties and the public the time and money utterly wasted during eventual reversal of improperly conducted proceedings." *Id.* at 136. Appellate remedy is adequate when any benefits to mandamus review are outweighed by the detriments. *Id.* However, when the benefits outweigh the detriments, appellate courts must consider whether the appellate remedy is adequate. *In re Prudential Ins. Co. Of Am.*, 148 S.W.3d at 136.

Here, Respondent's order requires Las Palmas to retain local counsel even though it is represented by a licensed Texas attorney; if Las Palmas fails to comply, Respondent will appoint local counsel for it in the lawsuit. As discussed above, there is no statute or rule that would require Las Palmas to have local counsel when it is already represented by a Texas attorney. Moreover, we have concluded that Respondent has no authority to require Las Palmas to retain local counsel or to appoint counsel for Las Palmas, a non-indigent party. Respondent's order places a significant economic burden on Las Palmas since it must pay the expenses of an additional El Paso County-based attorney while the counsel of its choice continues to represent it in Respondent's court. Requiring Las Palmas to retain additional counsel, especially when there is no evidence that its out-of-town attorney has in any way impeded the course of the proceedings, is clearly an undue restriction on a Texas attorney's ability to practice law in a state court and will certainly prove to be an unnecessary and wasteful expense. We have serious concerns that this issue may become recurrent, but that it would otherwise prove elusive through an appeal from

a final judgment. Thus, we believe this issue fits well within the types of issues for which mandamus review is not only appropriate but necessary. *See In re Prudential,* 148 S.W.3d at 138.

Because Respondent's order is a clear abuse of discretion and Las Palmas has no adequate remedy by appeal, we conclude that Las Palmas is entitled to mandamus relief. We sustain Issues One and Two of the petition and conditionally grant the relief sought. We vacate our order granting emergency relief and staying the proceedings in the 120th District Court. The writ of mandamus will issue only if the 120th District Court fails to vacate its March 3, 2005 order.

McCLURE, J., Not Participating.