In re VOSSDALE TOWNHOUSE ASSO-
CIATION, INC.; John B. Baird, as
President of The Vossdale Townhouse
Association, Inc., and Individually;
and Pauletta Gwen Holley Gilbert, as
Secretary of the Vossdale Townhouse
Association, Inc., and Individually,
Relators.

No. 14–09–00723–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 29, 2009.

Jack Lee, Houston, TX, for relators.

Adolph R. Guerra, Houston, TX, for real party in interest.

Panel consists of Chief Justice HEDGES and Justices SEYMORE and SULLIVAN.

## OPINION

CHARLES W. SEYMORE, Justice.

Relators, Vossdale Townhouse Association, Inc.; John B. Baird, as President of the Vossdale Townhouse Association, Inc., and Individually; and Pauletta Gwen Hol-

ley Gilbert, as Secretary of the Vossdale Townhouse Association, Inc., and Individually, filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221 (Vernon 2004); *see also* Tex. R.App. P. 52. In the petition, relators ask this Court to compel the Honorable Mike Engelhart, presiding judge of the 151st District Court of Harris County, to set aside his February 4, 2009 order removing relators' attorney from representation of them in the underlying case. We conditionally grant the petition, in part, and deny it, in part.

## Background

Relators brought the underlying nuisance suit against real parties in interest, the Cabreras.[1] Relators propounded 31,-448 requests for admission and 1,136 requests for production on the Cabreras.[2] In response, the Cabreras moved for protection from discovery and for sanctions for this and previous discovery abuse. The trial court entered the following order setting the Cabreras' motion for a hearing and also its own sanctions motion:

Defendants' Request for Oral Hearing on its Motion for Protection from Discovery and for Sanctions is hereby GRANTED. This Motion is set for a 30 minute oral hearing before this Court on Monday, February 2, 2009 at 3:00 p.m.

Further, the Court hereby sets its own motion regarding Rule 215 sanctions for that time as well.

Specifically, the parties are hereby ORDERED to be prepared to argue

1. Real parties in interest are Manuel Cabrera, Griselda Cabrera, Sergio Cabrera, Maria Cabrera, Cabrera Brothers III, LP, Cabrera Investments, LLC, Los Cucos Mexican Cafe XIII, Inc., and Los Cucos Mexican Cafe XIX, Inc. (the "Cabreras").

2. Relators propounded 3931 requests for admission on each of the Cabreras defendants.

Relators propounded 133 requests for production each on Manual Cabrera, Griselda Cabrera, Sergio Cabrera, and Maria Cabrera. Relators propounded 151 requests for production each on Los Cucos Mexican Cafe XIII, Inc., Los Cucos Mexican Cafe XIX, Inc., Cabreras Brothers III, LP, and Cabreras Investments, LLC.

about whether sanctions should be imposed upon Plaintiffs and Plaintiffs' counsel for abusive discovery practices. The parties should also be prepared to argue which sanctions, up to and including the striking of all of Plaintiffs' remaining pleadings, should be imposed against Plaintiffs and Plaintiffs' counsel pursuant to Texas Rules of Civil Procedure 215.3 and 215.2(b) et seq.

On February 2, 2009, the trial court held the hearing on the Cabreras' motion from protection and for sanctions and its own sanctions motion. On February 4, 2009, the trial court entered the following order, in relevant part, removing relators' counsel, Bruce H. Heideman, from representation of John Baird and Pauletta Gilbert in the underlying suit:

> On the 2nd day of February, 2009, came on to be heard the Motion for Protection and for Sanctions ... as well as the Court's own motion regarding Rule 215 sanctions. The Court, after reviewing the pleadings, the evidence and considering the arguments of counsel, is of the opinion ... that [John B. Baird and Pauletta Gwen Holley Gilbert's] attorney Bruce H. Heideman should no longer be permitted to appear in this case on their behalf, and that Plaintiffs should have until Monday, February 23rd, 2009 to obtain substitute counsel. It is therefore,
>
> ORDERED, ADJUDGED AND DECREED that ... Bruce H. Heideman may no longer appear in this case on their behalf and that said Plaintiffs have

until Monday, February 23rd, 2009, to obtain substitute counsel herein.

Relators filed a petition for writ of mandamus in this Court, asserting that the trial court abused its discretion by denying them their choice of counsel.[3]

### Standard of Review

■■■ To be entitled to the extraordinary relief of a writ of mandamus, the relator must show that the trial court clearly abused its discretion and he has no adequate remedy by appeal. *In re Team Rocket, L.P.,* 256 S.W.3d 257, 259 (Tex. 2008) (orig. proceeding). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to constitute a clear and prejudicial error of law, or if it clearly fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt., L.P.,* 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam); *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex.1992) (orig. proceeding).

■■■ Whether a clear abuse of discretion can be adequately remedied by appeal depends on a careful analysis of costs and benefits of interlocutory review. *In re McAllen Med. Ctr., Inc.,* 275 S.W.3d 458, 464 (Tex.2008) (orig. proceeding). Because this balance depends heavily on circumstances, it must be guided by analysis of principles rather than simple rules that treat cases as categories. *Id.* In determining whether appeal is an adequate remedy, we consider whether the benefits outweigh the detriments of mandamus review. *In*

---

**3.** On November 13, 2008, the trial court signed an order finding that John B. Baird, Pauletta Gwen Holley Gilbert, and Bruce H. Heideman had not met their burden of showing authority to act and appear in the case on behalf of Vossdale Townhouse Association, and ordered they could no longer appear on behalf of Vossdale, and struck Vossdale's pleadings. This order has never been set aside. Therefore, Vossdale, Baird, in his capacity as president of Vossdale, and Gilbert, in her capacity as secretary of Vossdale, do not have standing to complain about the February 4, 2009 order. Moreover, because Baird and Gilbert remain in the case in their individual capacities only, the February 4, 2009 order removes Heideman as their attorney in their individual capacities.

*re BP Prods. N. Am., Inc.*, 244 S.W.3d 840, 845 (Tex.2008) (orig. proceeding).

## Right to Counsel of Choice

■ Relators contend that the trial court violated their constitutional right to due course of law by denying them their right to choice of counsel. "Any party to a suit may appear and prosecute or defend his rights therein, either in person or by an attorney of the court." Tex.R. Civ. P. 7; *see also Farmers' Gas Co. v. Calame*, 262 S.W. 546, 548 (Tex.Civ.App.-Waco 1924, no writ) ("Every litigant is entitled under our Constitution and laws to his day in court before he is adjudged to suffer either in his person or his property."). The right of a litigant to be represented by the attorney of his choice is a significant one. *Keller Indus., Inc. v. Blanton*, 804 S.W.2d 182, 185 (Tex.App.-Houston [14th Dist.] 1991, orig. proceeding).

Texas courts have long held that the right to be represented by counsel of choice is a valuable one and the unwarranted denial of that right has been held to be fundamental error. *Id.; see also Swartz v. Swartz*, 76 S.W.2d 1071, 1072 (Tex.Civ.App.-Dallas 1934, no writ) ("[A party's] right to appear and be represented, by counsel of his own choosing, is valuable, and its unwarranted denial is reversible error."); *Farmers' Gas Co.*, 262 S.W. at 548 ("[A party's] right to appear and be represented at such hearing by counsel of his own selection, familiar with his cause, is a very valuable right. The unwarranted denial of such right has been held to be fundamental error.").

■ A party's choice of counsel, however, is not unfettered in that the attorney must be legally qualified. *Keller Indus., Inc.*, 804 S.W.2d at 185. "The practice of law is not a right bestowed upon an individual; rather, it is a license granted by the state subject to rules and regulations." *Id.* However, once an individual has complied with those rules and regulations, one who chooses his or her counsel should not be denied that choice by the courts.[4] *Id.; see also In re El Paso Healthcare Sys., Ltd.*, 225 S.W.3d at 152 (stating that, although right to counsel is not absolute, courts should not deprive litigant of that right). The unwarranted denial of a party's choice of counsel is an abuse of discretion.[5]

An order directing that counsel may no longer represent his clients in the subject litigation is not among those sanctions enumerated in Rule 215.2(b). *See* Tex.R. Civ.

---

**4.** We note some authority suggests "compelling reasons" might justify the forced withdrawal of counsel. *See In re El Paso Healthcare Sys., Ltd.*, 225 S.W.3d 146, 152 (Tex. App.-El Paso 2005, orig. proceeding) ("Although the right to counsel of choice is not absolute, courts should not deprive a litigant of that right unless there exists a compelling reason.") (citing *Keller Indus., Inc.*, 804 S.W.2d at 185). However, those cases do not involve alleged discovery sanctions. Therefore, we need not decide here whether compelling reasons could *ever* justify a trial court's disqualification of counsel as a sanction for discovery abuse.

**5.** *See, e.g., In re El Paso Healthcare Sys., Ltd.*, 225 S.W.3d at 152–56 (holding that trial court abused its discretion by directing parties, who were represented by Texas licensed attorneys, to retain "local counsel" within seven days or trial court would appoint local counsel for them); *Spinks v. Brown*, 103 S.W.3d 452, 460 (Tex.App.-San Antonio 2002, pet. denied) (holding trial court's order denying motion to substitute counsel on possibility of delay resulted in "an unwarranted denial of the Spinkses' right to be represented by the counsel of their choice"); *Keller Indus., Inc.*, 804 S.W.2d at 185 (finding no compelling reasons reflected in record to warrant trial court's denial of motion requesting admission on behalf of two non-resident attorneys); *cf. Ayres v. Canales*, 790 S.W.2d 554, 557 (Tex.1990) (orig.proceeding) (ordering party to be represented by attorney violates Rule 7).

P. 215.2(b). While Rule 215.2(b) does not limit the types of discovery sanctions the trial court may impose to those enumerated in the rule,[6] the imposition of a sanction that is not specifically authorized in derogation of a clearly established legal right cannot be just. *Rainwater v. Haddox*, 544 S.W.2d 729, 733 (Tex.Civ.App.-Amarillo 1976, no writ). The trial court's order directing that "attorney Bruce H. Heideman may no longer be permitted to appear in this case on [relators'] behalf and that said Plaintiffs should have until Monday, February 23rd, 2009 to obtain substitute counsel" was imposed in derogation of the clearly established right to counsel of choice. *See id.* (holding that sanction denying counsel opportunity to participate in hearing on unliquidated damages following sanction of judgment by default was not just because it was in derogation of clearly established legal right to interpose objections to testimony about damages offered by plaintiffs and to cross-examine them).

The trial court's frustration with relators' counsel over the 31,448 requests for admission is clearly evident by the following exchange took place between the trial court and counsel at the February 2, 2009 hearing:

> THE COURT: …. Mr. Heideman, how long did it take you to draft 31,000 requests for admissions?

> MR. HEIDEMAN: Five weeks.

THE COURT: How long do you think it would take them to answer it at one minute per?

\* \* \*

MR. HEIDEMAN: Okay. He asked to say yes or no. He can answer them a lot more quickly than I can draft them.

THE COURT: You don't think that he needs to read them?

MR. HEIDEMAN: Yes, of course he has to read them.

THE COURT: And you don't think he needs to apply his legal reasoning as to whether—and his strategy and all those things as to whether these things need to be admitted or denied?

\* \* \*

THE COURT: Or research the answer?

\* \* \*

MR. HEIDEMAN: I don't think it would take him five weeks. I think—you know, the usually [sic] period is 30 days.

\* \* \*

THE COURT: … And then what did you anticipate doing with 31,000 admissions or denials, or don't we have enough information in front of a jury in this case?

MR. HEIDEMAN: All right. The things that were admitted to, we would not have to prove before the jury be-

---

**6.** *See* Tex.R. Civ. P. 215.2(b) (providing that trial court may impose sanctions for failure to comply with discovery "as are just, and *among others* the following" sanctions enumerated in rule) (emphasis added). The Cabreras requested sanctions that (1) disallow any further discovery of any kind or of a particular kind by relators; (2) charge all or a portion of the expenses of discovery or taxable court costs against relators or their attorney; (3) direct that designated facts shall be taken as established for the purpose of the action in accordance with the claim of the party obtaining the order; (4) do not allow relators to support or oppose the designated claims or defenses, or prohibit them from introducing designated matters in evidence; and (5) award the Cabreras reasonable expenses and attorney's fees incurred in obtaining the order. The sanctions requested by the Cabreras are those that are expressly allowed under Rule 215.2(b). *See* Tex.R. Civ. P. 215(b).

cause they were admitted. That's number one thing.

So it would shorten and narrow the deposition ..., we wouldn't have to inquire in the depositions. Those subject matters would not have to be inquired of because they were admitted.

\* \* \*

The things that remained, then I would be asking questions about in deposition and pursuing in trial.

THE COURT: You would digest answers to 31,000 requests for admissions sufficiently to ask constructive questions based on that information at depositions.?

MR. HEIDEMAN: ... And I would set up a grid and I would set up a tracking system where I could do that. And I could see where that would put us in terms of the status and stance of the case.

\* \* \*

So what that does is it's a labor-saving device, a time-saving device for everybody.

THE COURT: I don't see it that way.

 The trial court is given the broadest discretion in imposing discovery sanctions and in choosing appropriate sanctions. *Clark v. Bres*, 217 S.W.3d 501, 512 (Tex.App.-Houston [14th Dist.] 2006, pet. denied). There can be no justification for propounding 31,448 requests for admission and 1,136 requests for production on the opposing party, and such abuse is sanctionable.[7] While we have great empathy for the trial court's consternation and frustration with counsel's misguided strategy and tactics—no matter how egregious the discovery abuse was in this case—these circumstances do not overcome Baird's and Gilbert's fundamental right to their counsel of choice.[8] *See Keller Indus., Inc.*, 804 S.W.2d at 185. Accordingly, we hold that the trial court abused its discretion by removing Heideman from representation of Baird and Gilbert for discovery abuse.

 Moreover, we conclude that relators do not have an adequate remedy by appeal. "[C]ourts should not deprive litigants of that right because such deprivation can result in immediate and palpable harm." *Id.; see also In re Nitla S.A. de C.V.*, 92 S.W.3d 419, 423 (Tex.2002) (orig.

7. *See* Tex. Disciplinary R. Prof'l Conduct 3.02, *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G app. A (Vernon 2005) (Tex. State Bar R. art. X, § 9); Tex.R. Civ. P. 191.3(c)(3), (4).

8. Notably, the record does not suggest the trial court considered the availability of lesser sanctions to punish the offending conduct and deter further discovery abuse. That step, while not necessarily *sufficient* to authorize the involuntary removal of counsel, *see supra* note 4, is a prerequisite to the imposition of *any* severe sanctions. *See Cire v. Cummings*, 134 S.W.3d 835, 838 (Tex.2004); *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex.1991) (orig. proceeding); *Weinberger v. Longer*, 222 S.W.3d 557, 569 (Tex. App.-Houston [14th Dist.] 2007, pet. denied). We also note the Cabreras did not ask the trial court to disqualify opposing counsel; in

addition, while the trial court notified relators of its intent to impose sanctions, the forced removal of their attorney was not suggested in advance as a possibility.

To the extent the discovery abuse is solely attributable to the attorney, and not his clients, the trial court is not without remedies to directly sanction Heideman instead of relators. *See* Tex.R. Civ. P. 215.2(b)(2), (8) (permitting trial court to sanction attorney directly); *see also Am. Flood Research, Inc. v. Jones*, 192 S.W.3d 581, 583 (Tex.2006) (directing trial courts to "determine whether sanctions should be imposed on the party, its counsel, or both"); *Spohn Hosp. v. Mayer*, 104 S.W.3d 878, 883 (Tex.2003) (holding trial court abused its discretion by imposing sanctions without discussing whether party or its attorney was responsible for discovery abuse).

proceeding) (per curiam) (explaining that attorney disqualification is severe remedy, which can result in immediate and palpable harm, disrupt trial court proceedings, and deprive party of right to have counsel of choice). Therefore, the benefit of the restoration of the parties' right to representation by the counsel of their choice outweighs any detriment to mandamus review. *See In re BP Prods. N. Am., Inc.,* 244 S.W.3d at 845 ("In determining whether appeal is an adequate remedy, appellate courts consider whether the benefits outweigh the detriments of mandamus review.").

### Conclusion

We hold the trial court abused its discretion by removing Bruce H. Heideman from representation of John B. Baird and Pauletta Gwen Holley Gilbert in their individual capacities. Accordingly, we conditionally grant relators' petition with regard to that portion of the February 4, 2009 order removing Bruce H. Heideman from representation of John B. Baird and Pauletta Gwen Holley Gilbert in their individual capacities, and direct the trial court to vacate that portion of the February 4, 2009 order. The writ will issue only if the trial court fails to act in accordance with this opinion. With regard to the remainder of their petition, relators have not established their entitlement to the extraordinary relief of a writ of mandamus and, therefore, it is denied.[9]

---

**9.** In their petition, relators also complain of the trial court's (1) January 28, 2009 order setting the Cabreras' motion for protection from discovery and for sanction for an oral hearing; (2) February 4, 2009 order striking relators' discovery requests and prohibiting them from any further discovery; (3) April 15, 2009 order denying the Cabreras' second application for temporary restraining order and setting their application for temporary injunction; and (4) refusal to recuse itself from the underlying case.