

# NUMBER 13-21-00290-CV

# COURT OF APPEALS

# THIRTEEN DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE JODY MCINTYRE AND CASTINE MCILHARGEY

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Longoria and Tijerina
### Memorandum Opinion by Justice Longoria[1]

Relators Jody McIntyre and Castine McIlhargey, proceeding pro se, have filed a petition for writ of mandamus and an emergency motion to stay in the above-referenced cause number. By petition for writ of mandamus, the relators contend that the trial court abused its discretion by denying their motion to compel arbitration and by not allowing relators "to have the benefit of counsel" after their attorney withdrew from representation.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so," but "[w]hen granting relief, the court must hand down an opinion as in any other case"); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

By emergency motion, the relators seek to stay all trial court proceedings pending resolution of this original proceeding.

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). The relator bears the burden of proving both requirements. *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker*, 827 S.W.2d at 840; *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."); *see generally* TEX. R. APP. P. 52.3 (establishing the required form and contents for original proceedings).

A trial court abuses its discretion when it acts with disregard of guiding rules or principles or when it acts in an arbitrary or unreasonable manner. *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Acad., Ltd.*, 625 S.W.3d 19, 25 (Tex. 2021) (orig. proceeding); *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136.

The Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that the relators have not met their burden to obtain relief. First, the petition is deficient. It fails to meet the requirements of Texas Rule of Appellate Procedure 52 insofar as it, inter alia, is incomplete and lacks an appendix or record. *See* TEX. R. APP. P. 52.3. Second, under both the FAA and the TAA, the denial of a motion to compel arbitration is immediately appealable. *See* 9 U.S.C.A. § 16; TEX. CIV. PRAC. & REM. CODE ANN. § 51.016, *id.* § 171.098; *Beldon Roofing Co. v. Sunchase IV Homeowners' Ass'n, Inc.*, 494 S.W.3d 231, 236 (Tex. App.—Corpus Christi–Edinburg 2015, no pet.); *Brand FX, LLC v. Rhine*, 458 S.W.3d 195, 201 (Tex. App.—Fort Worth 2015, no pet.); *Nazareth Hall Nursing Ctr. v. Castro*, 374 S.W.3d 590, 593–94 (Tex. App.–El Paso 2012, no pet.). Third, absent exceptional circumstances, there is no general right to counsel in Texas in civil cases. *See*, *e.g.*, *Erazo v. Sanchez*, 580 S.W.3d 768, 770 (Tex. App.—Houston [14th Dist.] 2019, no pet.); *In re El Paso Healthcare Sys., Ltd.*, 225 S.W.3d 146, 153–54 (Tex. App.—El Paso 2005, orig. proceeding). Therefore, we deny the petition for writ of mandamus and relators' emergency motion to stay without prejudice. Our ruling herein has no impact on any issues that may be raised in the related appeals pending in this Court in cause numbers 13-21-00288-CV and 13-21-00291-CV.

NORA L. LONGORIA
Justice

Delivered and filed on the
13th day of September, 2021.

3