# Court of Appeals
## Tenth Appellate District of Texas

10-24-00347-CV

In re Alexandria Smith

Original Proceeding

On appeal from the
County Court at Law of Navarro County, Texas
Judge Amanda Doan Putman, presiding
Trial Court Cause No. C22-30337-CV

CHIEF JUSTICE JOHNSON delivered the opinion of the Court.

## MEMORANDUM OPINION

By petition for writ of mandamus, relator Alexandria Smith contends that the trial court abused its discretion when, upon Scott Smith's motion, it disqualified her counsel of record from representing her in a proceeding to modify their final decree of divorce. Alexandria also contends the trial court violated its nondiscretionary duty to accept and rule on properly filed motions. We conditionally grant the petition for writ of mandamus.

### I. Background

Scott filed a petition to modify the parent-child relationship in July 2024. Alexandria's father, attorney Joseph Watts, filed an answer and counter petition on her behalf. Scott subsequently filed a motion to disqualify Alexandria's father in which Scott alleged Watts had a "clear conflict of interest . . . in that he is the father of his client" and the "conflict of interest will likely prejudice" Scott. Additionally, Scott alleged that Watts "is in violation of the Code of Ethics by representing a client in a matter" in which he is a material witness because Watts was the purchaser of a motorcycle that was wrecked by one of the minor children. The trial court granted Scott's motion to disqualify and directed the Navarro County District Clerk to return several documents Watts had submitted through EFileTexas.

## II. Authority

We review a trial court's decision on a motion to disqualify an attorney using an abuse of discretion standard. *In re Sanders*, 153 S.W.3d 54, 56 (Tex. 2004) (orig. proceeding). "In determining whether the trial court abused its discretion with respect to the resolution of factual matters, we may not substitute our judgment for that of the trial court and may not disturb the trial court's decision unless it is shown to be arbitrary and unreasonable." *In re Sanders*, 153 S.W.3d at 56. A trial court decision is arbitrary and unreasonable if it departs from the only finding the facts support. *In re Wallingford*, 64 S.W.3d 22, 24 (Tex. App.—Austin 1999, no pet.) The "[m]ere

allegation of unethical conduct or evidence showing a remote possibility of a violation of the disciplinary rules will not suffice under this standard." *See Spears v. Fourth Court of Appeals*, 797 S.W.2d 654, 656 (Tex. 1990) (orig. proceeding).

"Mandamus is appropriate to correct an erroneous order disqualifying counsel because there is no adequate remedy by appeal." *In re Sanders*, 153 S.W.3d at 56–57. "[T]he right to be represented by counsel of choice is a valuable one and the unwarranted denial of that right has been held to be fundamental error." *In re Vossdale Townhouse Ass'n, Inc.*, 302 S.W.3d 890, 893 (Tex. App.—Houston [14th Dist.] 2009, orig. proceeding). "Disqualification is a measure that can cause immediate harm by depriving a party of its chosen counsel and disrupting court proceedings." *In re Sanders*, 153 S.W.3d at 56–57. Because disqualification is a severe remedy, trial courts must adhere to an exacting standard in order to discourage the use of a motion to disqualify as a dilatory trial tactic. *See Spears v. Fourth Court of Appeals*, 797 S.W.2d at 656. Therefore, the burden is on the party seeking the disqualification to establish with specificity a violation of one or more of the disciplinary rules. *See Spears v. Fourth Court of Appeals*, 797 S.W.2d at 656. However, "a court should not disqualify a lawyer for a disciplinary violation that has not resulted in actual prejudice to the party seeking disqualification" because the disciplinary rules are merely guidelines and are

not necessarily controlling standards in deciding a motion to disqualify. *In re Meador*, 968 S.W.2d 346, 350 (Tex. 1998). Even when an attorney has violated a disciplinary rule, the party moving for disqualification must demonstrate that the violating attorney's conduct caused actual prejudice that requires disqualification. *In re Dalco*, 186 S.W.3d 660, 668 (Tex. App.—Beaumont 2006, no pet.). Thus, technical compliance with ethical rules might not foreclose disqualification, and conversely a violation of ethical rules might not require disqualification. *In re Users Sys. Servs., Inc.*, 22 S.W.3d 331, 334 (Tex. 1999) (orig. proceeding).

Rule 3.08(a) applies when an attorney may be called to testify regarding an essential fact of their client's case, and Rule 3.08(b) applies when an attorney may be compelled to testify in a manner that will be substantially adverse to their client's case. *In re Bivins*, 162 S.W.3d 415, 421 (Tex. App.—Waco 2005, no pet.); *see* TEX. DISCIPLINARY R. PROF'L CONDUCT 3.08(a)–(b). In either instance, Rule 3.08 should rarely be the basis for disqualification. *In re Bivins*, 162 S.W.3d at 421. Under Rule 3.08(a), the moving party must present evidence that the testimony of nonmovant's lawyer is "necessary" and that it goes to an "essential fact" of the nonmovant's case. *In re Bahn*, 13 S.W.3d 865, 873 (Tex. App.—Fort Worth 2000, no pet.). Furthermore, the party requesting disqualification must

demonstrate that the opposing lawyer's dual roles as attorney and witness will cause the party actual prejudice. *In re Sanders*, 153 S.W.3d at 57.

III. Discussion

DISQUALIFICATION

Alexandria contends that Scott failed to meet the required burden of proof necessary to warrant disqualification of Watts. We agree.

During the hearing in the trial court on the motion to disqualify, Scott did not call any witnesses or offer any exhibits in favor of the motion. Scott offered only argument in support of the motion. In summary, Scott's trial court argument in support of the motion requested disqualification of Watts under Rule 3.08 because Scott believed Watts was going to be a "material witness" in the matter whether his testimony was adverse to or on behalf of Alexandria. It was Scott's contention that Watts' testimony would provide proof that the parenting decisions of Alexandria and Watts were not sound when a motorcycle was purchased for one of the minor children. Scott also cited the potential for confusion of the factfinder because it can be unclear whether a lawyer who also testifies as a witness is providing facts or arguing as a lawyer in the case. Additionally, Scott argued that because the guardian ad litem was tasked with interviewing collateral witnesses that Watts, as grandfather, would need to be interviewed which would result in Watts having more access to the guardian ad litem which was unfair to Scott. Scott

did not offer an argument on his allegation of Watts having a conflict of interest. The record before us reflects that the entire hearing required only eight pages of the reporter's record.

The order granting the motion to disqualify found "that Scott Smith will be unduly prejudiced and the fair and efficient administration of justice will be served by the requested disqualification." Because a mere allegation of unethical conduct will not support disqualification and the party moving for disqualification must demonstrate that the violating attorney's conduct caused actual prejudice, Scott failed to provide evidence in favor of the motion. *See In re Dalco*, 186 S.W.3d at 668. We conclude Scott failed to produce any evidence to meet his burden and therefore the trial court departed from the only finding the facts, or lack thereof, supported and abused its discretion in disqualifying Watts.

WATT'S FILINGS WITH THE DISTRICT CLERK

The mandamus record included seven emails as exhibits. Six of the emails were notifications to Watts that a filing had been returned for correction. The reason given for the return was "Judge's request." When a clerk refuses to accept a filing, the party should attempt to file the pleading directly with the trial court, explaining in a verified motion that the clerk refused to accept the pleading for filing. *See In re Speed*, No. 10-07-00027-CV, 2007 WL 765293, at *2 (Tex. App.—Waco Mar. 14, 2007, no pet.). If the

trial court refuses to accept the filing, the Court of Appeals would have jurisdiction over a mandamus proceeding and could direct the trial court to file the pleading. *In re Speed*, No. 10-07-00027-CV, 2007 WL 765293, at *2 (Tex. App.—Waco Mar. 14, 2007, no pet.). Here, there is nothing in the record that Alexandria attempted to file the pleading directly with the trial court or brought this to the attention of the trial court. It is a well-established rule of mandamus practice that arguments withheld from the trial court will not be considered in a petition for writ of mandamus. *In re Abney*, 486 S.W.3d 135, 138 (Tex. App.—Amarillo 2016, no pet.). Because the relief requested now was not urged in the trial court, we decline to consider such relief in this mandamus proceeding.

## IV. Conclusion

We conclude the trial court erred in granting Scott's motion to disqualify Watts. Therefore, we conditionally grant the petition for writ of mandamus and order the trial court to withdraw its September 19, 2024, order granting the motion to disqualify. The writ will issue only if the trial court fails to comply with this order within seven days. Our stay of October 28, 2024, is lifted.

_____
MATT JOHNSON
Chief Justice

OPINION DELIVERED and FILED:  February 20, 2025

Before Chief Justice Johnson,
      Justice Smith, and
      Justice Harris
Petition granted
Publish
CV06

