**KELLER INDUSTRIES, INC., et al., Relator,**

v.

**The Honorable William N. BLANTON, Respondent.**

**No. B14–90–806–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 10, 1991.

Rehearing Denied Feb. 7, 1991.

Scot Chase, David G. Matthiesen, Matthiesen & Associates, Houston, for Keller Indus.

Stanley W. Crawford, V. Paige Pace, Patrice Barron, Houston, for Blanton.

Before J. CURTISS BROWN, C.J., and DRAUGHN and ROBERTSON, JJ.

## OPINION

DRAUGHN, Justice.

Relator petitions this court for writ of mandamus against respondent, the Honorable William Blanton, directing him to vacate two orders entered on August 17, 1990, in Cause No. 89–28287 pending in the 55th Judicial District Court of Harris County.

In the first order, respondent denied relator's motion to allow two non-resident attorneys to defend it in this products liability case pending before him. In the second contested order, respondent, as part of a protective discovery order, directed relator to pay all travel expenses and attorneys' fees for out-of-state depositions requested by plaintiff/real party in interest. For the reasons hereinafter set out, we conditionally grant the writ as to the first order and deny the writ as to the second.

In the cause pending below, Bill Miller, the real party in interest, instituted a products liability action against relator/defendant, Keller Industries, Inc., alleging he was injured in an accident involving a ladder manufactured by Keller Industries.

Relator, a foreign corporation, desired to have two Illinois attorneys, Mark E. Parsky and Paul V. Kaulas, represent it as co-counsel. Because they were not licensed to practice in Texas, they sought permission of the trial court to participate in the case *pro hac vice* (for this one particular occasion). In accordance with the rules promulgated by the supreme court, the Illinois attorneys filed a sworn motion requesting admission with the court. SUPREME COURT OF TEXAS, RULES GOVERNING ADMISSION TO THE BAR OF TEXAS, Rule XV (1989) [hereinafter Rule XV]. Their motion complied with the essential provisions of Rule XV. Those provisions require that the non-resident attorney: be associated in the trial with a resident practicing attorney who is a member of the State Bar of Texas; be a member in good standing of the bar of his resident state; has not been the subject of disciplinary action by the bar or courts of the resident state during the preceding five years; has not been denied admission to the courts of any state or to any federal court during the preceding five years; and, is familiar with the Rules of the State Bar of Texas governing conduct of its members and will abide by and comply with such rules so long as such trial or hearing is pending. Rule XV.

The plaintiff opposed the motion requesting admission on the grounds that *other* members of the firm to which the two non-resident attorneys belonged had been refused permission to appear in three California lawsuits involving the same defendant. Further, plaintiff alleged that "attorneys" from the concerned law firm were generally difficult to deal with and particularly difficult in the areas of discovery and trial scheduling. In support of these allegations, plaintiff attached letters and copies of unsworn court records concerning other attorneys from the firm who were not allowed to participate in certain trials in California courts involving relator as defendant. Respondent, after consideration of the motion, response, and attachments, but without a formal hearing, denied the non-resident attorneys' motion requesting admission.

■ Plaintiff did not object to the contents of the motion at the trial court level other than to complain that the non-resident attorneys failed to make "an unequivocable [sic] statement that they had not been denied admission to any state or federal court during the preceding five (5) years as required by Rule XV." We find this allegation to be without merit as the non-resident attorneys substantially complied with the rule. Rule XV(a)(5). The non-resident attorneys swore as follows:

MARK E. PARSKY and PAUL V. KAULAS have not been the subject of any disciplinary action and have not had their licenses suspended or revoked by any state or federal court within the past five (5) years. Mark E. Parsky and Paul V. Kaulas have not been denied admission to any state or to any federal court during the preceding five (5) years for the above reasons.

■ Plaintiff now complains for the first time to this court that the Illinois attorneys did not technically comply with the full mandates of Rule XV because the motion contained neither the office address and bar card number of the associated Texas attorney nor a specific statement that the resident attorney finds the non-resident attorneys to be reputable and recommends them for admission to the court. Neither of these complaints are fatal to the motion. They promote form over substance. The resident attorney's bar card number and address are certainly no mystery. They appear on other documents in the pleadings. And his vigorous advocacy in seeking the temporary admission of the non-resident attorneys belies the notion that the resident attorney thinks them disreputable and not qualified to practice under Texas rules. However, in any event, these complaints were not brought to the attention of the trial court and we need not address them further here.

■ In determining whether mandamus should issue in this case, we are guided by strict and narrow standards. We may issue writs of mandamus which are agreeable to the principles of law regulating those writs. TEX.GOV'T CODE ANN.

§ 22.221(b) (Vernon 1988). Mandamus will issue to correct the actions of a trial court only when there has been a clear abuse of discretion, particularly when there is no adequate remedy by appeal. *Ayres v. Canales,* 790 S.W.2d 554, 556 (Tex.1990). The relator seeking mandamus must establish that the facts and law of the case permit the trial court to make but one decision. This is so because mandamus will not issue to control a lower court's action in a matter involving discretion. *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985). If we determine that the trial judge, in making his decision, had but one course to follow under the facts, then his discretionary power is effectively negated and mandamus will issue. *Id.* at 917–18. Applying these standards in our review of the record in this case, we conclude that mandamus should issue.

■ The right of a litigant to be represented by the attorney of his choice is a significant one. Tex.R.Civ.P. 7; *Ayres v. Canales,* 790 S.W.2d at 557–58. Although *Ayres* dealt with the advocate-witness rule, the supreme court stated that "the rule should not be used as a tactical weapon to deprive the opposing party of a right to be represented by the lawyer of his or her choice because reducing the rule to such a use would subvert its purpose." *Id.* The desire to employ a non-resident attorney is an analogous situation. Texas courts have long held that the right to be represented by counsel of choice is a valuable one and the unwarranted denial of that right has been held to be fundamental error. *Farmers' Gas Co. v. Calame,* 262 S.W. 546, 548 (Tex.Civ.App.—Waco 1924, no writ). *See also Swartz v. Swartz,* 76 S.W.2d 1071, 1072 (Tex.Civ.App.—Dallas 1934, no writ) (unwarranted denial of counsel of choice constitutes reversible error). Absent a compelling reason, courts should not deprive litigants of that right because such deprivation can result in immediate and palpable harm. *Hoggard v. Snodgrass,* 770 S.W.2d 577, 581 (Tex.App.—Dallas 1989, orig. proceeding).

■ This right is obviously not unfettered, in that the attorney must be legally qualified and, in the case of a non-resident attorney, approved by the court in accordance with standards promulgated by the supreme court. The practice of law is not a right bestowed upon an individual; rather, it is a license granted by the state subject to rules and regulations. *State Bar of Texas v. Heard,* 603 S.W.2d 829, 834 (Tex.1980). However, once those rules and regulations are complied with by an individual, one who chooses his or her counsel should not be denied that choice by the courts except for compelling reasons. Unsupported speculation as to possible, future misbehavior on their part should not preclude non-resident attorneys from representing clients in Texas courts. The rules provide for ample sanctions following admission. Rule XV also authorizes the trial court to revoke the admission to practice and to cite the non-resident attorneys for contempt. Rule XV(d). By filing the motion for admission, the non-resident attorneys submitted to the jurisdiction of the Grievance Committee of the Bar District for Harris County. Rule XV(e). We also note that Rule XV is directed towards individual attorneys and does not provide a mechanism for disqualifying a whole law firm as plaintiff contends.

■ We find no compelling reasons reflected in the record to warrant the respondent's denial of the motion requesting admission on behalf of the two non-resident attorneys. In fact, we find *no evidence of any nature* reflecting that these named attorneys are not reputable attorneys and have not complied with the essential requirements of the rules relative to their appearing as co-counsel in Texas. As stated, the court held no formal evidentiary hearing on the motion and, thus, the record before us contains only the sworn motion by the non-resident attorneys and the written response and attachments of the plaintiff/real party in interest. The attachments consist of unsworn letters and copies of unauthenticated court records from the State of California. Even if properly considered as evidence under these circumstances, the letters and records do not make any mention of the two non-resident

attorneys who seek to participate in this case. Nor does respondent's order denying their admission give any finding or reason for such denial.

The supreme court has indicated that the question of the reputability of non-resident attorneys is addressed to the discretion of the trial court. *State Bar v. Belli*, 382 S.W.2d 475, 476 (Tex.1964). Rule XV governing such limited admissions provides that the trial court may examine the non-resident attorneys to determine if they are reputable and are qualified to participate in accordance with the rules. No such examination was conducted or requested. Indeed, at oral argument, relator stated that it was not the policy of the 55th District Court to conduct hearings on pre-trial motions. This was not disputed by the real parties in interest. We interpret the provision of the rule that states the judge "may examine the non-resident attorney" to mean that if the trial judge is not satisfied with the sworn motion for admission, the judge may examine the non-resident attorney to assure the court that the non-resident attorney meets the ethical standards for temporary admission. Rule XV(c). We find nothing in the rule that requires the relator or its resident attorney to initiate any examination once the sworn motion for admission is filed. Therefore, under these circumstances where there is *no* evidence adverse to these particular attorneys before the court and in the absence of an evidentiary hearing or some specific finding by respondent justifying his denial, we find that respondent's refusal to allow their participation was an abuse of discretion. Further, we find there is no adequate remedy available to relator via appeal. *NCNB Texas National Bank v. Coker*, 765 S.W.2d 398, 400 (Tex.1989).

Accordingly, we conditionally grant the petition for writ of mandamus and direct respondent to vacate his order of August 17, 1990, denying relator's motion requesting admission of the two Illinois attorneys. This judgment is not to be understood as precluding respondent from conducting a formal evidentiary hearing to determine whether these applicants are qualified to participate in this case under the standards mandated by the Texas Supreme Court. But absent such a hearing, respondent is ordered to grant the motion requesting admission and to allow Mark E. Parsky and Paul V. Kaulas to appear as co-counsel on behalf of Keller Industries, Inc. and the other named defendants in Cause No. 89–28287 pending in the 55th Judicial District Court of Harris County. We presume the respondent will comply with the terms of this judgment. Mandamus will issue only should he fail to do so.

■ As to respondent's second order of August 17, 1990, in Cause No. 89–28287, which ordered relator to pay plaintiff's travel expenses and attorneys fees in connection with depositions of certain out-of-state witnesses requested by plaintiff, we deny the writ of mandamus requested to vacate that order because we find relator has an adequate remedy by appeal.

J. CURTISS BROWN, Chief Justice, dissenting.

Texas courts have been reasonable in permitting non-licensed attorneys to appear. However, it is a matter of grace not a right. Allowing out-of-state counsel to proceed although unlicensed *pro hac vice* is within the discretion of the trial court not this court. SUPREME COURT OF TEXAS, RULES GOVERNING ADMISSION TO THE BAR OF TEXAS, Rule XV (1989) [hereinafter Rule XV]. Clearly we should not issue our extraordinary writ of mandamus to command Judge Blanton to allow two Illinois attorneys to represent relator.

The underlying case is one of products liability. Real party in interest, Bill Miller, claims that he was injured as a result of an accident involving a ladder manufactured by Keller Industries, Inc. (relator). Relator claims that the firm with which the two applicants are associated represents Keller throughout the United States in similar cases.

The issuance of a writ of mandamus in this case is inappropriate because (1) the relator did not comply with the provisions of Rule XV and (2) the discretion involved is that of the trial court not this court. We are not permitted to substitute our discre-

tion for that of Judge Blanton and command him to accept attorneys before his court when these two unlicensed non-resident attorneys do not satisfy the provisions of the Supreme Court rule.

The application for admission *pro hac vice* was defective in at least the following respects:

1. The motion for admission failed to include the office address and Bar card number of Texas counsel with whom the Chicago lawyers would be associated.

2. There was no Texas attorney statement to the effect that applicants were known to be reputable attorneys and recommending their admission to practice before the court.

3. The motion failed to include a statement that the non-resident attorneys seeking admission had not been denied admission to the courts of any state or to any federal court during the preceding five years.

4. Documents referred to by the real party in interest respondents raised the suggestion that the firm involved had been denied admission in at least three California courts within the past five years.

The majority states that these defects are matters of "form" rather than "substance." In a mandamus case form is substance. The writ should not issue on unclear or conflicting evidence.

The Supreme Court in *State Bar v. Belli*, 382 S.W.2d 475, 476 (Tex.1964), states that "when and if respondent seeks to participate in the trial of a particular case in the future the matter of his qualification as '[a] reputable non-resident attorney' under Rule X(i) will be *addressed to the discretion of the court in which the case is pending*" (emphasis added).

The provisions of Rule XV adopted by our Supreme Court to govern the admission of attorneys *pro hac vice* have not been met by applicants.

Subsection (c) of that rule provides "[t]he judge may examine the non-resident attorney to determine that the non-resident attorney is aware of and will observe the ethical standards required of attorneys of this State. *If the judge is not satisfied* that the non-resident attorney is a reputable attorney and will observe the ethical standards required of attorneys in this State, *the judge may deny the motion.*" (emphasis added).

Relator never tendered the two moving attorneys to be questioned by the trial court. Obviously, it was the burden of the movant seeking temporary admission to satisfy the trial judge as to his qualifications and ethics. The rule expressly provides that the judge may question or examine the non-resident attorney to satisfy himself that such attorney is a reputable attorney and will observe the ethical standards required of attorneys in this State and if not so satisfied *he may deny the motion.*

*Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985), states "[t]he test for abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action. Rather, it is a question of whether the court acted without reference to any guiding rules and principles ... whether the act was arbitrary or unreasonable." The relator must establish that under the law and the facts of the case the trial court was permitted to make but one decision and it did not make that decision. *Mother Frances Hosp. v. Coats*, 796 S.W.2d 566, 569 (Tex.App.—Tyler 1990, no writ); *Onda Enterprises, Inc. v. Pierce*, 750 S.W.2d 812, 813 (Tex.App.—Tyler 1988, orig. proceeding [leave denied]).

Subsection (c) of Rule XV expressly gives a judge the right to examine non-resident attorneys. Judge Blanton was not afforded such opportunity. The rule also expressly provides, "[i]f the judge is not satisfied that the non-resident attorney is a reputable attorney and will observe the ethical standards required of attorneys in this State, the judge may deny the motion." Clearly the discretion lay with Judge Blanton rather than this court.

A court of appeals acts in excess of its own writ power if it grants mandamus so

as to substitute its discretion for that of the trial court. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985); *Viggiano v. Emerson*, 794 S.W.2d 564, 565 (Tex.App.—Amarillo 1990, no writ).

Appellate courts frequently permit out-of-state attorneys to argue cases before such courts upon an appropriate showing. These attorneys appear for argument, may have their names on the brief, and depart while the court recedes into chambers to further deliberate, research and write. Trial courts, on the other hand, must be concerned with such matters as availability for depositions and preliminary hearings, as well as availability for trial on the merits. These factors along with the truism that we have enough home-grown "Rambos" compel the conclusion that trial court judges should have full discretion to determine which unlicensed attorneys will be granted the privilege to practice before them.

Relator and the majority emphasize the right of relator to have attorneys of its choice. This is a point that should be given some weight. However, if not in Houston, surely in Dallas, a Texas lawyer may be found who understands the design, manufacture and marketing of ladders.

I agree with my colleagues that the second prong of the mandamus sought relating to the expenses incurred in connection with the depositions are matters that may be the subject of points on appeal and hence mandamus is not an appropriate remedy.

I would deny the writ of mandamus in its entirety or would withdraw our leave to file as improvidently granted.