**Conditionally Granted and Opinion Filed December 18, 2018**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-18-00689-CV**

**IN RE GOLDEN PEANUT COMPANY, LLC**
**D/B/A GOLDEN PEANUT AND TREE NUTS, Relator**

**Original Proceeding from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-17-13535**

## MEMORANDUM OPINION

Before Justices Lang, Myers, and Whitehill
Opinion by Justice Myers

In this original proceeding, relator seeks a writ of mandamus directing the trial court to vacate its order revoking the pro hac vice admission of relator's lead counsel, Lori Cohen. After reviewing the petition, the real party in interest's response, relator's reply brief, and the mandamus record, we conclude relator is entitled to the relief requested.

### Background

Greenberg Traurig, LLP represents relator in the trial court and in this original proceeding. Cohen was relator's lead counsel in the underlying proceeding. Cohen offices in Greenberg Traurig's Atlanta office, is co-chair of the firm's Global Litigation Practice, and is not licensed in Texas. The trial court admitted Cohen pro hac vice in the underlying proceeding on January 29, 2018. The real party in interest, Give and Go Prepared Foods Corp., did not oppose Cohen's

petition for pro hac vice admission. One month after Cohen's admission was granted, however, Give and Go filed a motion to reconsider that admission.

In the motion, Give and Go requested that the trial court reconsider Cohen's sworn motion to admit pro hac vice, vacate the January 29, 2018 order granting admission pro hac vice, and enter a new order denying admission pro hac vice. Give and Go first averred that Cohen failed to tell the trial court that Judge D'Metria Benson, presiding judge of County Court at Law No. 1, Dallas County, denied Cohen pro hac vice admission in 2013. Give and Go further argued that Cohen serially appears pro hac vice in Texas cases and should be required to obtain a Texas license. Finally, Give and Go argued that Cohen violated the ethics rules by hampering efforts to schedule hearings based on out-of-state trials and hearings.

Relator disputes those allegations and maintains they do not support revoking Cohen's admission. Relator avers that the denial of admission in the 2013 case was not a substantive denial of admission. Rather, the court clerk returned the motion for pro hac vice admission with instructions to re-file after correcting technical deficiencies; namely, Cohen's failure to include a certificate of conference. Relator further argues that Give and Go did not show it was prejudiced by the exclusion of the 2013 clerk's letter from Cohen's petition for admission. In addition, relator maintains that the failure to mention the 2013 letter is not a per se violation of the pro hac vice rules. As for the allegation that Cohen serially appears pro hac vice in Texas, relator presented evidence showing that Cohen had appeared in only two Texas courts in the prior two years. Relator also presented evidence showing that the scheduling conflicts referenced by Give and Go were not egregious and were caused, at least in part, by Give and Go's own out-of-state counsel's scheduling conflicts and Give and Go's failure to confer regarding availability and, instead, unilaterally setting a hearing on three days' notice.

The trial court granted the motion for reconsideration and revoked Cohen's admission on March 27, 2018. In this original proceeding, relators argue the trial court abused its discretion because Give and Go did not establish good cause to revoke the admission, a violation of ethical rules or pro hac vice rules by Cohen to support revocation, prejudice to Give and Go by Cohen's admission, or that revocation was the only means to remedy any alleged prejudice.

**Applicable Law**

To be entitled to mandamus relief, a relator must show both that the trial court has clearly abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). Mandamus is an available remedy when a trial court abuses its discretion in revoking an attorney's pro hac vice admission. *See Keller Indus., Inc. v. Blanton*, 804 S.W.2d 182, 186 (Tex. App.—Houston [14th Dist.] 1991, orig. proceeding) (granting writ of mandamus and directing trial court to vacate order denying attorneys' motions for pro hac vice admission); *see also In re Nitla S.A. de C.V.*, 92 S.W.3d 419, 422 (Tex. 2002) (mandamus is appropriate to review the alleged improper disqualification of counsel). A party generally lacks an adequate appellate remedy if its counsel is disqualified. *Mendoza v. Eighth Court of Appeals*, 917 S.W.2d 787, 789–90 (Tex. 1996) (citing *NCNB Tex. Nat'l Bank v. Coker*, 765 S.W.2d 398, 400 (Tex. 1989)).

The parties disagree on whether the trial court revoked or denied Cohen's admission pro hac vice. Rule 19 of the Texas Rules Governing Admission to the Bar of Texas sets out the requirements for a non-resident attorney's participation in Texas proceedings. TEX. R. GOVERNING ADMISSION TO THE BAR XIX. A court may deny a non-resident attorney's motion for admission pro hac vice if the court determines one of the following:

- The non-resident attorney is not a reputable attorney who will observe the ethical standards required of Texas attorneys;
- The non-resident attorney has been appearing in courts in Texas on a frequent basis;

- The non-resident attorney has been engaging in the unauthorized practice of law in the state of Texas; or

- Other good cause exists to deny the motion.

TEX. R. GOVERNING ADMISSION TO THE BAR XIX(d).

Rule 19(e) sets out the parameters for revoking an order granting a non-resident attorney permission to appear pro hac vice:

> If, after being granted permission to participate in the proceedings of any particular cause in Texas, the non-resident attorney engages in professional misconduct as that term is defined by the State Bar Act, the State Bar Rules, or the Texas Disciplinary Rules of Professional Conduct, the court may revoke the non-resident attorney's permission to participate in the Texas proceedings and may cite the non-resident attorney for contempt. In addition, the court may refer the matter to the Grievance Committee of the Bar District in which the court is located.

TEX. R. GOVERNING ADMISSION TO THE BAR XIX(e).

The State Bar Rules do not define professional misconduct. The Texas Disciplinary Rules of Professional Conduct, however, state that a lawyer shall not engage in the following misconduct:

> (1) violate these rules, knowingly assist or induce another to do so, or do so through the acts of another, whether or not such violation occurred in the course of a client–lawyer relationship;
>
> (2) commit a serious crime or commit any other criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;
>
> (3) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;
>
> (4) engage in conduct constituting obstruction of justice;
>
> (5) state or imply an ability to influence improperly a government agency or official;
>
> (6) knowingly assist a judge or judicial officer in conduct that is a violation of applicable rules of judicial conduct or other law;
>
> (7) violate any disciplinary or disability order or judgment;
>
> (8) fail to timely furnish to the Chief Disciplinary Counsel's office or a district grievance committee a response or other information as required by the Texas Rules of Disciplinary Procedure, unless he or she in good faith timely asserts a privilege or other legal ground for failure to do so;

(9) engage in conduct that constitutes barratry as defined by the law of this state;

(10) fail to comply with section 13.01 of the Texas Rules of Disciplinary Procedure relating to notification of an attorney's cessation of practice;

(11) engage in the practice of law when the lawyer is on inactive status, except as permitted by section 81.053 of the Government Code and Article XIII of the State Bar Rules, or when the lawyer's right to practice has been suspended or terminated including, but not limited to, situations where a lawyer's right to practice has been administratively suspended for failure to timely pay required fees or assessments or for failure to comply with Article XII of the State Bar Rules relating to Mandatory Continuing Legal Education; or

(12) violate any other laws of this state relating to the professional conduct of lawyers and to the practice of law.

(b) As used in subsection (a)(2) of this Rule, "serious crime" means barratry; any felony involving moral turpitude; any misdemeanor involving theft, embezzlement, or fraudulent or reckless misappropriation of money or other property; or any attempt, conspiracy, or solicitation of another to commit any of the foregoing crimes.

TEX. DISCIPLINARY R. OF PROFESSIONAL CONDUCT 8.04.

Rule 1.06(CC) of the Texas Rules of Disciplinary Procedure defines "Professional Misconduct" as including the following:

1. Acts or omissions by an attorney, individually or in concert with another person or persons, that violate one or more of the Texas Disciplinary Rules of Professional Conduct.

2. Attorney conduct that occurs in another state or in the District of Columbia and results in the disciplining of an attorney in that other jurisdiction, if the conduct is Professional Misconduct under the Texas Disciplinary Rules of Professional Conduct.

3. Violation of any disciplinary or disability order or judgment.

4. Engaging in conduct that constitutes barratry as defined by the law of this state.

5. Failure to comply with Rule 13.01 of these rules relating to notification of an attorney's cessation of practice.

6. Engaging in the practice of law either during a period of suspension or when on inactive status.

7. Conviction of a Serious Crime, or being placed on probation for a Serious Crime with or without an adjudication of guilt.

8. Conviction of an Intentional Crime, or being placed on probation for an Intentional Crime with or without an adjudication of guilt.

TEX. R. DISCIPLINARY PROCEDURE 1.06(CC).

The State Bar Act, which is codified at Title 2, Subtitle G, Chapter 81 of the Texas Government Code, does not define professional misconduct. Rather, the State Bar Act references the Texas Rules of Disciplinary Procedure and the Texas Disciplinary Rules of Professional Conduct in relation to disciplinary procedures and proceedings against attorneys. TEX. GOV'T CODE ANN. § 81.072(d) ("Each attorney is subject to the Texas Rules of Disciplinary Procedure and the Texas Disciplinary Rules of Professional Conduct"); *Id.* § 81.073 (chief disciplinary counsel's office classifies each grievance based on whether the complaint alleges conduct that constitutes professional misconduct or disability cognizable under the Texas Disciplinary Rules of Professional Conduct).

### Application of Law to Facts

Here, the trial court granted Cohen pro hac vice admission on January 29, 2018, and Give and Go did not oppose that admission. One month later, Give and Go filed a motion challenging Cohen's admission. The trial court granted Give and Go's motion to reconsider Cohen's admission, vacated the trial court's January 29, 2018 order granting Cohen's admission, and denied Cohen's motion to admit pro hac vice. We conclude the trial court's order constitutes a revocation of Cohen's pro hac vice admission because the order vacates the original order granting Cohen admission. By vacating the prior order, the trial court by definition revoked the admission. *See Vacate*, BLACK'S LAW DICTIONARY (8th ed. 2004) ("to nullify or cancel; make void; invalidate"); *see also Revocation*, BLACK'S LAW DICTIONARY (8th ed. 2004) ("An annulment, cancellation, or reversal, usu. of an act or power."); *see also Revoke,* BURTON'S LEGAL THESAURUS (2d ed. 1992) (listing *vacate* as a synonym of the verb, *revoke*); *Vacate (Void),* BURTON'S LEGAL THESAURUS (2d ed. 1992) (listing *revoke* as a synonym of vacate when used as a verb meaning to void).

The trial court, therefore, was permitted to revoke Cohen's admission if the trial court determined that Cohen had engaged in professional misconduct after the trial court granted Cohen pro hac vice admission on January 29, 2018. *See* TEX. R. GOVERNING ADMISSION TO THE BAR XIX(e) (a court may revoke a non-resident attorney's pro hac vice admission "[i]f, ***after being granted permission to participate*** in the proceedings of any particular cause in Texas, ***the non-resident attorney engages in professional misconduct*** as that term is defined by the State Bar Act, the State Bar Rules, or the Texas Disciplinary Rules of Professional Conduct") (emphasis added).

Give and Go's motion to reconsider Cohen's admission was based almost entirely on events that allegedly took place before the trial court granted Cohen pro hac vice admission. The only action addressed by Give and Go that took place after the trial court granted Cohen admission were the "Court in New Jersey" e-mails, which occurred on February 12, 2018. In the Court in New Jersey emails, Cohen sent an e-mail to counsel insisting that she be copied on e-mails scheduling hearings and informing counsel that she was unavailable for hearing that week:

> All, for whomever decided to exclude me from today's emails, I will insist that you all add me back in to the scheduling emails - I am in court all week in NJ so any hearing later this week should be reschedule [sic] for next week when I can attend.

After realizing she had not been excluded from the scheduling e-mails, Cohen sent an apology e-mail, stating "Sorry i [sic] just came out of court and thought I was excluded."

The Court in New Jersey e-mail cannot support revocation of Cohen's pro hac vice admission because the e-mail does not constitute professional misconduct under the State Bar Act, the State Bar Rules, the Texas Disciplinary Rules of Professional Conduct, or the Texas Rules of Disciplinary Procedure. Similarly, revocation is not proper under rule 19(e) based on conduct that allegedly occurred before the trial court granted Cohen's pro hac vice admission. By revoking Cohen's admission based on alleged pre-admission conduct, the Court in New Jersey e-mails, or both, the trial court failed to analyze and apply the law correctly and abused its discretion.

Accordingly, we conditionally grant the petition for writ of mandamus and direct the trial court to issue written rulings within fifteen days of the date of this opinion vacating its March 27, 2018 order and reinstating Cohen's pro hac vice admission in the underlying case. The writ will issue only if the trial court fails to comply.

/Lana Myers/
LANA MYERS
JUSTICE

180689F.P05