

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
| IN RE: | | No. 08-21-00062-CV |
| | § | |
| AUTOZONERS, LLC, | | AN ORIGINAL PROCEEDING |
| | § | |
| Relator. | | IN MANDAMUS |
| | § | |

**O P I N I O N**

In this original proceeding, Relator Autozoners, LLC, seeks a writ of mandamus directing

the Honorable M. Sue Kurita, Judge of County Court at Law No. Six of El Paso County, to rescind

the court's order denying Relator's motion to admit its two nonresident attorneys as counsel pro

hac vice. Finding no abuse of discretion, we deny the requested relief.

## I.   FACTUAL BACKGROUND

### A.  The initial hearing

In the cause pending below, Roman Velasquez, the real party in interest, initiated a

discrimination lawsuit against Relator Autozoners, LLC. Along with special exceptions, Relator

responded by filing an original answer signed by El Paso attorney, Bruce A. Koehler, a Texas

licensed attorney. Following Koehler's signature block, the pleading included like information for

Relator's nonresident attorneys, Laurie M. Riley and Tracy E. Kern. Riley's information reflected

not only that she was licensed in Florida but that her application for pro hac vice admission would be forthcoming. Similarly, Kern's information reflected she was licensed in Louisiana and that her application for pro hac vice admission was also forthcoming. Additionally, however, Kern's signature block included a line stating, "Admitted Pro Hac Vice." Riley and Kern listed the same law firm, but located in Miami and New Orleans, respectively.

Four days after filing the original answer, Relator filed opposed motions to admit Riley and Kern pro hac vice, signed by Koehler. Both motions asserted that Riley and Kern served as Relator's corporate counsel and they were both members in good standing with their respective state bars. The motions also asserted that Koehler had been retained as co-counsel in the case and he would continue to participate in the proceedings. Both motions also provided information as to whether either lawyer had been granted pro hac vice admission in any Texas case during the last two years. Riley's motion reflected she had not been involved in any Texas case; whereas Kern's motion reflected she had been granted pro hac vice admission in one Texas case.

On December 11, 2020, the trial court held an evidentiary hearing on both motions. Kern testified she had sought pro hac vice admission several times throughout her 30-year career, but given the length of her career, she considered the number of Texas cases she had handled to be limited. During the past two years, she had sought and been granted pro hac vice admission once in a Texas case out of El Paso County. When she sought admission in that case, she had also disclosed a pro hac vice admission in a case pending in Hidalgo County. She acknowledged similar pro hac vice admissions in federal courts in Texas and said that she had only one recent admission of that nature.

On cross examination, counsel for Velasquez covered three key areas of opposition to the motions: (1) that Relator's nonresident attorneys had engaged in the unauthorized practice of law;

(2) that the website of Relator's nonresident attorneys reflected they practiced in Texas; and (3) that Kern had been sanctioned by a federal court in Texas. First, Kern disagreed that she had engaged in the unauthorized practice of law merely because her name appeared in the signature block below Koehler's name and signature. She stated that Koehler had prepared and signed the answer, that she had only provided input, and the answer reflected that her and Riley's pro hac vice applications would be forthcoming. Second, Kern explained that her firm's website reflected that she practiced in Texas because Relator, who she had represented for 30 years, regularly conducted business in every state. Lastly, she acknowledged that in a case styled *Alexander v. Monsanto Co.*, 396 F. App'x 137 (5th Cir. 2010), the United States Court of Appeals for the Fifth Circuit described some of the comments she made during voir dire and closing argument as being unwarranted and inaccurate statements of the law, but also clarified it had not assessed any sanctions for that conduct.

Before Riley testified, Velasquez' counsel informed the trial court he would question her about the drafting of the answer filed in the case because it differed from Koehler's usual style. Velasquez' counsel asserted he had suspicions that it had actually been drafted either by Kern or Riley. Riley testified that she also had been granted pro hac vice admission in the same federal case that Kern had testified about. She stated she had not prepared any pleadings in the case, but she had reviewed such pleadings and worked with Koehler on the answer and certain discovery. When pressed as to whether she and Kern had prepared the answer for Koehler's signature, she denied having done so.

Following presentation of the evidence, Relator's counsel argued that both attorneys were outstanding and met all requirements for pro hac vice admission. Velasquez' counsel argued the nonresident attorneys, especially Kern, were misusing the pro hac vice procedure by asking for

3

such admission in multiple cases. He further asserted that both were engaged in the unauthorized practice of law, arguing they had prepared pleadings before being admitted formally. He pointed out that the pleadings in this case were different from those Koehler customarily filed thereby establishing those pleadings had been drafted by either Kern or Riley.

The trial court denied Relator's motions. When ruling, the trial court commented that Autozoners would not be jeopardized as Koehler had a reputation for being one of the top five lawyers in the community for handling the type of matter at issue. Relator later filed a motion for reconsideration.

## B. The hearing on reconsideration

On March 4, 2021, the trial court heard Relator's motion for reconsideration. Relator argued a litigant had the right to be represented by the attorney of its choice, that a trial court had to have a compelling reason to deny a litigant counsel of his choosing, and that the trial court did not have a compelling reason to deny the pro hac vice motions in this case. Relator also reiterated that local counsel had signed Relator's answer. While acknowledging that nonresident counsels' names also appeared in the signature block, Relator argued the pleading further indicated, on its face, that nonresident attorneys would be seeking pro hac vice admission.

In response, Velasquez' counsel reminded the trial court that it had discretion in deciding the issue urging there were other problems besides the appearance of both attorneys' names on the answer. Counsel referenced that Kern publicly advertises that she has an active practice in Texas. He also maintained, while appearing to show the trial court examples of an answer previously filed by Koehler, that based on apparent differences between the answer Koehler customarily filed and the answer in this case, it was evident to him that the nonresident attorneys had prepared the answer and other pleadings in this case. And finally, Velasquez's counsel showed the trial court an email

4

Kern sent to him and Riley in which she attempted to engage him in discussions regarding the pro hac vice motion without also including Koehler in the discussion.

The trial court denied Relator's motion for reconsideration. This petition for writ of mandamus followed.

## II. MANDAMUS STANDARD

To be entitled to mandamus relief, a relator must show that a trial court has clearly abused its discretion and that relator has no adequate appellate remedy. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992). Mandamus is an available remedy when a trial court abuses its discretion in denying a nonresident attorney's request for pro hac vice admission. *See Keller Indus., Inc. v. Blanton*, 804 S.W.2d 182, 185 (Tex. App.—Houston [14th Dist.] 1991, orig. proceeding). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law, or if it clearly fails to analyze or apply the law correctly. *Walker*, 827 S.W.2d at 840. Where, as here, a relator seeks to overrule a decision based on factual issues or matters committed to the trial court's discretion, relator has the burden to show the trial court could have reached only one decision on the facts. *Id*. at 839-40. "The mere fact that a trial judge may decide a matter within his discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred." *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex. 1985). The question for the reviewing court is whether the trial court acted without reference to any guiding rules and principles. *Id*.

## III. PRO HAC VICE ADMISSION

Texas courts have long held that "[t]he right of a litigant to be represented by the attorney of his choice is a significant one" and this right has been extended to litigants who wish to be represented by nonresident counsel. *In re Vossdale Townhouse Ass'n, Inc*., 302 S.W.3d 890, 893 (Tex. App.—Houston [14th Dist.] 2009, orig. proceeding); *Keller Indus., Inc.*, 804 S.W.2d at 185.

5

Because depriving a litigant of the right to be represented by counsel of choice can cause immediate and palpable harm to the affected litigant, courts must have a compelling reason for making such a decision. *Keller Indus., Inc.*, 804 S.W.2d at 185. However, when a nonresident attorney's services are desired, the right to counsel of one's choice is not unfettered because a nonresident attorney must be approved by the trial court pursuant to the Supreme Court's standards. *Id.* at 185 ("The practice of law is not a right bestowed upon an individual; rather, it is a license granted by the state subject to rules and regulations" (citing *State Bar of Texas v. Heard*, 603 S.W.2d 829, 834 (Tex. 1980)). Additionally, while courts commonly permit out-of-state attorneys to appear pro hac vice, such practice is not guaranteed by statute nor by the Constitution. *See Leis v. Flynt*, 439 U.S. 438, 443 (1979).

The question of the reputability of nonresident attorneys is addressed to the discretion of the trial court. *Keller Indus., Inc.*, 804 S.W.2d at 186 (citing *State Bar v. Belli*, 382 S.W.2d 475, 476 (Tex. 1964)). The specific supreme court rule that guides a trial court's evaluation of whether to grant a nonresident attorney pro hac vice admission is Rule 19 of the Texas Rules Governing Admission to the Bar of Texas which sets out the requirements for a nonresident attorney's participation in Texas proceedings. TEX. RULES GOVERN. BAR ADM'N R. XIX(d). Rule 19(a) provides that a nonresident attorney may seek permission to participate in the proceedings of any particular cause in a Texas court by paying an initial mandatory fee and filing a sworn motion in the applicable trial court. TEX. RULES GOVERN. BAR ADM'N R. XIX(a). Rule 19(d) provides that a court may deny a nonresident attorney's motion for admission pro hac vice if the court determines one of the following: (1) The nonresident attorney is not a reputable attorney who will observe the ethical standards required of Texas attorneys; (2) The nonresident attorney has been appearing in courts in Texas on a frequent basis; (3) The nonresident attorney has been engaging in the

unauthorized practice of law in the state of Texas; or (4) Other good cause exists to deny the motion. TEX. RULES GOVERN. BAR ADM'N R. XIX(d).

In resolving this mandamus action, we examine *Keller Indus., Inc.*, one of the few Texas cases that addresses a trial court's denial of an application for pro hac vice admission. *Keller Indus., Inc.*, 804 S.W.2d at 184. In *Keller Indus., Inc.*, Relator filed a petition for writ of mandamus after the trial court denied its motion to admit its two nonresident attorneys as counsel pro hac vice. *Id.* at 183. In opposition to the motion, Plaintiff filed attachments that reflected that other attorneys from the nonresident attorneys' law firm had been refused permission to appear in three California cases. *Id.* at 184. Plaintiff also alleged that the law firm was hard to deal with in the areas of discovery and trial scheduling. *Id.* The trial court did not hold a formal hearing on the matter and based its decision to deny pro hac vice admission on the motion, the response, and plaintiff's attachments. *Id.*

In a divided decision, the Fourteenth Court of Appeals held that the trial court had abused its discretion. *Id.* at 185-86. In a frequently cited part of the court's opinion, it stated that "[t]he right of a litigant to be represented by the attorney of his choice is a significant one" and it extended this right to a party that desires representation by a non-resident attorney. *Id.* at 185. Our sister court held that "[a]bsent a compelling reason, courts should not deprive litigants of that right because such deprivation can result in immediate and palpable harm." *Id.* But it also recognized that the right is not unfettered because a non-resident attorney must be approved by the trial court pursuant to the supreme court's standards. *Id.* (citing *Heard*, 603 S.W.2d at 834). In arriving at its conclusion, however, the court found there were no compelling reasons on the record regarding the denial of the motion and added that since there had been no hearing, there was no evidence reflecting that the nonresident attorneys were not reputable. *Id.* The court conditionally granted

Relator's petition for writ of mandamus but added that its judgment was not to be understood as precluding the trial court from holding an evidentiary hearing to determine whether the nonresident attorneys were qualified under the standards of the Supreme Court of Texas. *Id.* at 186.

### A. The unauthorized practice of law

This case presents a different scenario from the one in *Keller Indus., Inc.* Of note, the trial court held an evidentiary hearing to include credibility determinations and the weighing of several factors. One of the factors the trial court examined was the information Relator included on the signature page of its original answer. Relator contends the trial court erroneously believed the nonresident attorneys had signed Relator's answer when they had not. Whether or not the trial court was mistaken in this regard, the trial court's record statement that the nonresident attorneys had "put the cart before the horse," shows the trial court had expressed broader concerns. That is, by appearing in the signature block of information, the two nonresident attorneys had prematurely identified themselves as representing Relator in the cause even before the court had actually granted admission pro hac vice, regardless of their additional assertion of a forthcoming motion.

Viewing the record as we must, it further establishes the trial court correctly understood Relator's answer had indicated that applications for pro hac vice admission would be forthcoming. Even so, the trial court viewed such representation as being premature under the circumstances. Based on a violation of the rules governing bar admission, at least one of our sister court of appeals denied a motion for admission pro hac vice where a nonresident attorney's information was prematurely included on a party's initial pleading before the attorneys had been properly admitted by the courts. *See In Re Pine Tree Capital, LLC*, No. 05-22-00105-CV, 2022 WL 500035, at *1 (Tex. App.—Dallas Feb. 19, 2022, orig. proceeding) (mem. op.) (denying motion to be admitted pro hac vice for noncompliance with Rule 19(d) requirements for participation in Texas

proceedings, where nonresident attorney placed his signature and signature block on a pleading along with those of a member of the Texas Bar before gaining pro hac vice admission); *see also* TEX. RULES GOVERN. BAR ADM'N R. XIX(d); TEX. GOV'T CODE ANN. § 81.102(a), (b).[1]

The record also contains other factors that support the trial court's denial of the motions based on its exercise of its discretion. First, the trial court was able to assess the credibility of the nonresident attorneys when they denied Velasquez' counsel's assertions that they had in fact drafted Relator's answer because it differed from the customary answer filed by Koehler. The trial court also appears to have had the opportunity to examine the answer in this case and at least one other answer Koehler had filed in the past and could have concluded that material differences existed. Based on this evidence and the trial court's assessment of the nonresident attorneys' credibility, the trial court could have found this information contributed to a finding that the nonresident attorneys had drafted pleadings before they had received the trial court's permission to participate in the proceedings, thereby constituting the unauthorized practice of law. *See In re B.B.*, 632 S.W.3d 136, 141 (Tex. App.—El Paso 2021, orig. proceeding) (credibility and demeanor questions are reserved for the trial court on mandamus review); *see also* TEX. GOV'T CODE ANN. § 81.101(a) (practice of law includes both preparing documents "incident to an action" pending in Texas, as well as "service rendered out of court, including the giving of advice or the rendering of

---

[1] At least two other jurisdictions have considered this issue and agree with the trial court's view. *See Isom v. Valley Forge Ins. Co.*, 716 F. App'x 280, 288 (5th Cir. 2017) (where foreign counsel's name appeared on the complaint before being granted pro hac vice admission and denial of admission was mandatory if an applicant made an appearance before securing approval, holding the district court did not abuse its discretion in denying pro hac vice application for engaging in the unauthorized practice of law where pursuant to Mississippi law, a foreign attorney is deemed to have made an appearance in a lawsuit where they sign or allow their name to be listed on the pleadings); *In re Nevins*, 60 V.I. 800, 803–04 (V.I. 2014) (inclusion of nonresident attorney's name on cover and signature page of brief before pro hac vice petition was ruled on constituted the unauthorized practice of law and the fact that the words "pro hac vice application pending" appeared after the nonresident attorney's name did not "render his conduct any less improper"); *In re Williamson*, 838 So. 2d 226, 235 (Miss. 2002) (affirming the denial of a pro hac vice request where nonresident attorney's name and address appeared on the complaint before his admission was granted and warning that "attorneys are hereby noticed and cautioned that a foreign attorney will be deemed to have made an appearance in a Mississippi lawsuit if the foreign attorney signs the pleadings or allows his or her name to be listed on the pleadings").

any service requiring the use of legal skill or knowledge").

## B. Other Rule 19(d) Factors

Although the trial court primarily focused on its belief that the nonresident attorneys engaged in the unauthorized practice of law, it also expressed some concern with their number of Texas court appearances. The evidence on this issue centered on Kern's and Riley's prior appearances in Texas state and federal courts. As previously noted, pursuant to Rule 19(d), a trial court may deny pro hac vice admission if it finds that the applicant has been appearing frequently in Texas courts. TEX. RULES GOVERN. BAR ADM'N R. XIX(d). Relator disputes whether federal pro hac vice admissions should be factored in by the trial court. We do not find it necessary to address the issue regarding whether federal pro hac vice admissions should be considered because even without considering the federal court appearances, the trial court heard evidence that within the past two years, Kern had been granted pro hac vice admission in one other case pending in an El Paso district court and that when she applied for pro hac vice admission in that case, she disclosed another pro hac vice admission in Hidalgo County. It was within the trial court's discretion to decide that these prior pro hac vice admissions coupled with the current application of this case qualified as appearing frequently in Texas courts. *See Frazier v. Heebe*, 482 U.S. 641, 647 (1987) (describing pro hac vice practitioners as "one-time or occasional practitioners"). Thus, as to Kern, the trial court could have also denied the application based on frequent appearances in Texas courts. TEX. RULES GOVERN. BAR ADM'N R. XIX(d).

Additionally, the trial court heard evidence that in an unpublished United States Fifth Circuit Court opinion, the court had characterized statements made by Kern as incorrect and unwarranted during the trial of a federal discrimination claim. *Alexander*, 396 F. App'x at 140. Based on Kern's referenced conduct in a case involving claims similar to the present case while

employed at her current law firm, the trial court could have also determined that such conduct constituted good cause for denying the motion. TEX. RULES GOVERN. BAR ADM'N R. XIX(d).

In sum, we conclude that this case is distinguishable from *Keller Indus., Inc.*, because the trial court in this instance held an evidentiary hearing and made credibility findings before exercising its discretion on the motions. We may not substitute our judgment for that of the trial court with regard to its fact finding and other matters committed to its discretion, even if we would have decided the issue differently. *In re State Farm Lloyds*, 520 S.W.3d 595, 604 (Tex. 2017). To grant Relator's mandamus relief, we would have to conclude that under the law and the facts of this case the trial court could reasonably have reached only one decision. *Walker*, 827 S.W.2d at 839-40. Under this record, we cannot say that the trial court's decision was arbitrary and unreasonable. *Id.*

Accordingly, the record before us does not reflect that the trial court abused its discretion by denying Relator's motion to admit its nonresident attorneys as counsel pro hac vice. *See* TEX. R. APP. P. 52.8(a); *Walker*, 827 S.W.2d at 839-840.

## IV. CONCLUSION

We deny Relator's petition for writ of mandamus.

GINA M. PALAFOX, Justice

June 7, 2022

Before Rodriguez, C.J., Palafox, and Alley, JJ.
Alley, J., concurring

11