# Supreme Court of Texas

---

No. 22-0719

---

In re AutoZoners, LLC,

*Relator*

---

On Petition for Writ of Mandamus

---

**PER CURIAM**

AutoZoners, LLC seeks mandamus review of the denial of its motions to allow two attorneys licensed in other states to appear on its behalf *pro hac vice* in the trial court. Because denial of the motions was an abuse of discretion that deprived a party of its chosen counsel, we provisionally grant mandamus relief.

## I

Plaintiff Roman Velasquez sued AutoZoners, his employer, for age discrimination. AutoZoners filed an answer, which was signed by Bruce A. Koehler, a licensed Texas attorney. The signature block on the answer appeared as follows:

    /s/ Bruce A. Koehler
BRUCE A. KOEHLER
Mounce, Green, Myers, Safi, Paxton & Galatzan, P.C.
P.O. Box 1977
El Paso, Texas 79999-1977
Phone: (915) 532-2000

Fax: (915) 541-1597
Email: koehler@mgmsg.com

And

Laurie M. Riley, Esq.
Florida Bar No.: 657751
(Application for *Pro Hac Vice* Admission will be forthcoming)
Jones Walker LLP
201 South Biscayne Boulevard, Suite 2600
Miami, FL 33131
Telephone: (305) 679-5728
Facsimile: (305) 679-5816
Designation of E-mail Addresses:
E-mail: lriley@joneswalker.com

And

Tracy E. Kern, Esq.
Louisiana Bar No.: 20246
(Application for *Pro Hac Vice* Admission will be forthcoming)
*Admitted Pro Hac Vice*
Jones Walker LLP
201 St. Charles Avenue, 47th Floor
New Orleans, Louisiana 70170-5100
Phone: 504-582-8134
Facsimile: 504-589-8134
Email: tkern@joneswalker.com

***Attorneys for Defendant, AutoZoners, LLC***

Four days after filing the answer, AutoZoners filed motions to admit Kern and Riley *pro hac vice*.[1] Counsel for Velasquez opposed the motions. He alleged that the answer must have been prepared by the

---

[1] *Pro hac vice* is a Latin phrase meaning, "For this occasion or particular purpose." *Pro hac vice*, BLACK'S LAW DICTIONARY (11th ed. 2019). "The phrase usually refers to a lawyer who has not been admitted to practice in a particular jurisdiction but who is admitted there temporarily for the purpose of conducting a particular case." *Id.*

out-of-state counsel because it looked different from previous filings by Mr. Koehler. At a short hearing on the *pro hac vice* motions, Riley and Kern testified that they reviewed and provided input on the answer but denied they prepared or filed it.

The court denied the motions with the following statement: "So what I find offensive is that they're signing documents before being admitted. Even if it's conditional, you don't do that. So on that point alone, I'm denying the motions." The court denied a motion for reconsideration after a second hearing. AutoZoners sought mandamus review in the court of appeals, which denied relief. 649 S.W.3d 774, 776 (Tex. App.—El Paso 2022).

## II

The Rules Governing Admission to the Bar of Texas, adopted by this Court, provide that "[a] reputable attorney, licensed in another State . . . may seek permission to participate in the proceedings of any particular cause in a Texas court . . . ." TEX. RULES GOVERN. BAR ADM'N R. 19(a). Rule 19(a) requires the out-of-state attorney to file a sworn motion to appear *pro hac vice* that provides certain information, including a statement that the attorney is familiar with, and will abide by, Texas's rules governing the conduct of attorneys.

Generally, the decision to permit an attorney to appear *pro hac vice* is left to the trial court's discretion. *State Bar of Tex. v. Belli*, 382 S.W.2d 475, 476 (Tex. 1964). The trial court may, under Rule 19(d), conduct a hearing and examine the attorney:

> If the court determines that the non-resident attorney is not a reputable attorney who will observe the ethical standards required of Texas attorneys, that the

3

non-resident attorney has been appearing in courts in Texas on a frequent basis, that the non-resident attorney has been engaging in the unauthorized practice of law in the State of Texas, or that other good cause exists, the court or hearing officer may deny the motion.

In this case, the trial court's sole reason for denying the motions to appear *pro hac vice* was that Riley and Kern were "signing documents before being admitted." We understand this statement as a conclusion that Riley and Kern "ha[d] been engaging in the unauthorized practice of law in the State of Texas," which is an express ground for denial of a *pro hac vice* motion under Rule 19(d). The trial court clarified that it based its ruling "on that point alone."

The Legislature has defined the "practice of law" to include (1) "the preparation of a pleading or other document incident to an action or special proceeding," (2) "management of the action or proceeding on behalf of a client before a judge in court," and (3) "service rendered out of court, including the giving of advice or the rendering of any service requiring the use of legal skill or knowledge, such as preparing a will, contract, or other instrument, the legal effect of which under the facts and conclusions involved must be carefully determined." TEX. GOV'T CODE § 81.101(a).

Mandamus relief is available if the relator establishes a clear abuse of discretion for which there is no adequate appellate remedy. *In re AutoNation, Inc.*, 228 S.W.3d 663, 667 (Tex. 2007). A court abuses its discretion if no evidence supports the finding on which its ruling rests and if the court could reasonably have reached only a contrary conclusion. *See GTE Commc'ns Sys. Corp. v. Tanner*, 856 S.W.2d 725,

4

729 (Tex. 1993); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1993).  This exacting standard is satisfied here.

### III

The trial court denied the *pro hac vice* motions solely on the basis that Riley and Kern were "signing" documents before they were admitted.  Riley and Kern did not sign the document in question, however.  Only Koehler's electronic signature appears on the defendant's answer.  Riley and Kern merely allowed their names and contact information to be listed as additional counsel below Koehler's signature.  The answer was signed by Bruce A. Koehler, a licensed Texas attorney who by virtue of his signature at the top of the signature block assumed full responsibility for the filing.  *See* TEX. R. CIV. P. 8 (first attorney listed is the "attorney in charge"); TEX. R. CIV. P. 13 (attorney's signature on filing certifies the filing is made in good faith).

The presence of the names of additional, out-of-state counsel below the signature of the licensed Texas attorney who signs and files a document is no evidence that the out-of-state counsel engaged in the unauthorized practice of law and provides no basis to deny *pro hac vice* motions by the out-of-state attorneys.  Riley and Kern did not engage in the unauthorized practice of law merely by listing their names below Mr. Koehler's on the signature block before their *pro hac vice* motions were granted.

Signature blocks used throughout courts in Texas frequently include the names of out-of-state attorneys whose motions for admission *pro hac vice* are pending or forthcoming.  These out-of-state attorneys' names and contact information are often listed below the name and

5

signature of the Texas attorney who makes the filing. This common practice has the beneficial effect of informing the court and other parties of the out-of-state lawyers' participation, and so long as a licensed Texas attorney takes full responsibility for the filing by signing it, the practice raises no ethical concerns for either the out-of-state attorneys or the Texas attorney. The appearance of Riley and Kern's names in the signature block below Koehler's was unquestionably not the unauthorized practice of law in this case, and there is likewise no unauthorized practice of law in other cases when out-of-state attorneys whose *pro hac vice* motions have not yet been granted are listed on a signature block beneath the name of the Texas attorney who signs the filing.

The signature block truthfully stated that motions for admission *pro hac vice* would be forthcoming, and those motions were filed a few days later.[2] At all times, irrespective of the names listed below him on the signature block, Mr. Koehler was the licensed Texas attorney responsible for the filing. Listing out-of-state attorneys whose *pro hac vice* motions have not yet been granted on a signature block below the name and signature of a Texas attorney is not a problematic practice and provides no grounds for denying a pending or subsequent *pro hac vice* motion.

---

[2] Kern's signature block also states, inconsistently, that she is "Admitted Pro Hac Vice," but the record is clear that this was a typographical error that misled no one.

**IV**

The court of appeals pointed to alternative grounds for denial of the *pro hac vice* motions on which the trial court could have relied. 649 S.W.3d at 780-81. AutoZoners contends that the court of appeals should not have analyzed alternative grounds for denial because the trial court stated the sole basis for its ruling, which was clearly erroneous. We need not decide whether the court of appeals was correct to consider whether alternative grounds supported denial of the motions, however, because each alternative ground fails as a matter of law.

The court of appeals reasoned that the trial court could have found that Riley and Kern engaged in the unauthorized practice of law by preparing AutoZoners' answer. *Id.* The "preparation of a pleading" falls within the legislative definition of the "practice of law." TEX. GOV'T CODE § 81.101(a). But as we conclude above, the mere presence of out-of-state attorneys' names and contact information on a pleading below the signature of a licensed Texas attorney is no evidence that the out-of-state attorneys engaged in the unauthorized practice of law by "prepar[ing]" the pleading in the sense contemplated by the statutory definition.

Apart from the presence of the out-of-state attorneys' names on the signature block, the trial court also heard evidence and argument about how the defendant's answer was prepared. Counsel for Velasquez suggested that out-of-state counsel must have prepared the answer because it *looked* different from Koehler's other filings. Despite this speculation, the testimony established only that Riley and Kern

7

"reviewed" the answer and "provided input" and that Koehler had total control over the *content* of the pleading, which he signed and filed.[3]

Even if the answer "looked" different from Koehler's other filings, this is no evidence that Riley or Kern "prepared" the answer. A Texas attorney preparing a document is certainly free to make use of clerical assistance, such as document formatting, from out-of-state attorneys or non-lawyers without raising any concerns about the unauthorized practice of law. Nor does a Texas attorney's willingness to consider helpful input or suggestions from out-of-state attorneys or non-lawyers indicate that someone who is not a Texas attorney "prepared" the document and thereby engaged in the unauthorized practice of law. The undisputed evidence was that Koehler prepared the filing, controlled its contents, filed it himself, and took full responsibility for it. There is no evidence that any assistance Koehler accepted from Riley or Kern amounted to the unauthorized practice of law by out-of-state attorneys.

The court of appeals also suggested that the trial court could have considered the nonresident attorneys' prior appearances in Texas courts

---

[3] When counsel for Velasquez asked Kern whether the answer "was your answer and you signed that pleading and you filed it," Kern testified, "No, sir, that's not true at all." Kern testified instead that, because she and Riley "were not admitted *pro hac vice*, it was Mr. Koehler who took steps to prepare and to file that answer" and "it was his document. It was his pleading. He signed it and he filed it." Kern testified that she reviewed the answer and "had input," but "it was sent to Mr. Koehler for his total review and revamping as he wanted to do because he was our counsel and he was going to file it." Riley similarly explained that she reviewed pleadings and that she and Kern "gave our input" on "some factual things," but testified that "Ms. Kern did not and I did not" prepare or submit any pleadings. She denied that she "and Ms. Kern prepared the original answer and special exceptions in this case and submitted it to Mr. Koehler for his signature."

as a basis to deny the *pro hac vice* motions. Rule 19(d) states that the court may consider whether the nonresident attorney "has been appearing in courts in Texas on a frequent basis." This aspect of the rule contemplates that out-of-state attorneys who frequently practice in Texas court should not be permitted to evade Texas's licensure requirements by routinely seeking admission *pro hac vice* in case after case.

Rule 19(a)(3) requires the *pro hac vice* motion to list the Texas cases in which the nonresident attorney appeared or sought to appear in the past two years. Riley attested, without contradiction, that she had not appeared in a Texas court in the past two years. Her previous participation in Texas litigation therefore provides no basis for denial of her *pro hac vice* motion.

Kern attested that she had appeared in one Texas case in the last two years. She later testified that she might have appeared in one other Texas case in the past two years and that she had appeared in an unspecified number of Texas cases in the last 30 years. She described the Texas cases as "rare occasional cases" amounting to a "very small handful." Consistent with this testimony, Velasquez's counsel submitted copies of filings indicating that, since 2007, Kern had sought or obtained permission to appear in five Texas cases.

Kern's participation in one or two Texas cases in the last two years—and five cases in fifteen years—is not "appearing in courts in Texas on a frequent basis" as contemplated by Rule 19. Facilitating this kind of rare, occasional participation in Texas cases by an out-of-state

9

attorney is precisely why we allow *pro hac vice* admission in Texas courts.

Finally, the court of appeals suggested that the trial court could have considered an unpublished Fifth Circuit decision that contains a discussion of Kern's conduct at a 2009 jury trial. *See Alexander v. Monsanto Co.*, 396 F. App'x 137 (5th Cir. 2010). In that case, an employment-discrimination plaintiff complained on appeal that Kern, counsel for the employer, misstated the law and the facts in various respects during voir dire and closing arguments. The court of appeals found no reversible error, but it stated that several voir dire questions asked by Kern were "rather inflammatory" and left an "inaccurate and unwarranted" impression of the plaintiff's deposition testimony. *Id.* at 140. The court also found that one of Kern's unobjected-to statements of law at closing argument was "not entirely correct." *Id.* at 139. Kern's comments and lines of questioning 14 years ago, as described in the *Alexander* opinion, may reflect overzealous advocacy in the heat of trial, but they did not inject reversible error into the *Alexander* case, and they did not lead to any sanctions or disciplinary proceedings revealed in the record before the trial court or before this Court. Nor does the record reflect any other behavior by Kern during her 30-year career that could reasonably cast doubt on whether she is "a reputable attorney who will observe the ethical standards required of Texas attorneys." TEX. RULES GOVERN. BAR ADM'N R. 19(d). Denial of Kern's *pro hac vice* motion on this basis would have been improper.

All of the grounds for denial of the *pro hac vice* motions relied on by either the trial court or the court of appeals fail as a matter of law.

10

Denial of the motions was a clear abuse of discretion, and this error improperly prevented AutoZoners from employing the counsel of its choice, which cannot be remedied by appeal. *See, e.g.*, *Keller Indus., Inc. v. Blanton*, 804 S.W.2d 182, 186 (Tex. App.—Houston [14th Dist.] 1991, orig. proceeding) (granting mandamus relief to correct improper denial of *pro hac vice* motion because "there is no adequate remedy available to relator via appeal"); *see also NCNB Tex. Nat'l Bank v. Coker*, 765 S.W.2d 398, 400 (Tex. 1989) (granting mandamus relief because "[d]isqualification of counsel renders remedy by appeal inadequate").

## V

Without hearing oral argument, we conditionally grant the petition for writ of mandamus. TEX. R. APP. P. 52.8(c). The trial court is directed to withdraw its order denying the motions of Kern and Riley to appear *pro hac vice* and to grant those motions. We are confident the court will comply, and the writ will issue only if it does not.

**OPINION DELIVERED:** April 26, 2024

11